HAMMOND (GOULD v.). See Case No. 5,-638.

## Case No. 6,002.
### HAMMOND v. HAWS.
[Wall. Sr. 1.] [1]
Circuit Court, D. Pennsylvania. May 11, 1801.

RULE FOR TRIAL OR NON PROS.—CONTINUANCE—REASON FOR.

To obtain the further continuance of a cause, where a rule has been taken for trial or non pros., the plaintiff must show some precise legal, or strong equitable ground; and it is not sufficient to allege, that the attorney in fact or law, from attention to other necessary concerns, could not be prepared.

The defendant had obtained a rule in October term last for a trial at this term or non pros.[2] E. Tilghman now moved to make the rule absolute, the counsel for the plaintiff stating that the cause was not ready to be brought on by him at this term. The issue was joined in October term, 1795, and according to the practice in Pennsylvania, was handed up on the trial list for this term.

---

[1] [Reported by John B. Wallace, Esq.]

[2] In Pennsylvania, this is the rule in practice, and not for a proviso trial; though the latter rule may be taken at the option of the defendant.

Mr. Rawle, for plaintiff [Hammond's lessee], moved for a continuance, (which it seems is the mode of taking the opinion of the court against the application for a non pros.). He said, that the non pros. under the rule of last term, and now called for, was within the discretion of the court; and if the plaintiff could assign either legal or equitable ground against it, a continuance ought to be granted. That there existed several very forcible reasons in favour of his motion; which he stated as follows: That Wilcocks, attorney for plaintiff, had, since the last term, from advanced life, and other reasons, declined the practice of the law: that the lessors were in England, and managed their concerns by Mr. Morris, of New Jersey, as their attorney in fact, who, since October last, had been so pressed by his private avocations and professional duties in his office of judge of the district court of the United States, as to have rendered his attention to the preparation of the cause impracticable: that Mr. Morris, finding he could not conveniently manage the business of the lessors, had last fall written to England, that he wished them to send over powers of attorney to some other person, in consequence of which, Mr. Bond had been substituted, and received his letters in February last:[3] that Mr. Wilcocks declining to act, as before stated, Mr. Bond applied to him (Rawle) the latter end of March; and as the title was very complex and voluminous, and he himself not having enjoyed good health, the fact was, that the plaintiff, from these circumstances, was not prepared. He further stated, that the defendant relied on a long possession against title; and if a non pros. took place, it would add five years more to this possession: that no inconvenience resulted to the defendant from the continuance; his costs would be paid, and it would be better for him, than to succeed in this motion, only to be served with new process.

E. Tilghman, for defendant, said, that the plaintiff had kept the action pending for six years; his client poor and attending every term; that worn out with delay, he had taken this rule last term to force a trial or be dismissed from the action. He admitted the court were to decide questions of this sort upon liberal principles, and ought to be satisfied with delay, if the party could assign any solid and satisfactory excuse, but that in this case, none had been made out.

Mr. Rawle replied.

Before TILGHMAN, Chief Judge, and GRIFFITH and BASSETT, Circuit Judges.

GRIFFITH, Circuit Judge.[4] I have no hesitation in this case to say the rule for a non pros. should be made absolute. The plaintiff let the cause sleep from October, 1795 to October, 1800. The defendant harassed with attendances, then took the rule for trial or non pros. This was served on Mr. Wilcocks, and was a solemn notice, that the defendant would be tried or discharged. Since then seven months have elapsed; the lessors having a regular agent, and an attorney for transacting their business. The vague allegations that their attorney had about that time or since, declined business, and their agent, Mr. Morris, been so overburthened with other affairs, that he could not attend to this, furnish no grounds, upon which a court of justice can act; such representations, if admitted to prevail, may be always urged. As to the change of the attorney in fact, it makes no alteration; one continued until the other was appointed. Besides, Mr. Bond's powers arrived in February; so that there has been an agent on the spot three months, and nothing done but to put some papers into the hands of counsel, and that not until April. We cannot be influenced by such reasons. The plaintiff ought to proceed to trial, unless he can lay before us a precise legal ground for postponement, or such circumstances of hardship, not resulting from inattention, or the acts of his agent and attorney, as would make us feel that it was essential to justice to retain the cause.

BASSETT, Circuit Judge. I am always desirous to give indulgence where it may advance justice, and work no considerable injury or infringe any established rule of law. But one party must not be wronged by the extension of accommodations to the other. The only question is, whether the plaintiff has used due diligence to bring this cause to trial, and has been prevented by obstructions which furnish a precise and reasonable ground for a continuance. I do not think he has. I am therefore against it.

TILGHMAN, Chief Judge. The case made by Mr. Rawle for the plaintiff, is insufficient to authorize us to continue the cause: no legal reason is assigned to justify the want of preparation for trial.

Let the rule for a non pros. be made absolute.

---

[3] This representation he made from a letter to him, written by Mr. Bond, from New Brunswick, who had gone there to consult Mr. Morris.

[4] It seems the practice for the youngest judge first to deliver his opinion, and the chief judge last.

