NicholsoN, C. J.,
delivered the opinion of the Court.
Plaintiff sued defendant in replevin, in Decelnber, 1865, for a horse. The horse was taken by the Sheriff and delivered to plaintiff. The suit was tried in 1868, when the jury found a verdict for the defendant, assessing his damages for the detention of the horse at §217.75, the value of the horse at §150, and the interest on the value of the horse at §25.12, upon which verdict judgment was rendered. Upon the refusal of the Court to grant a new trial, plaintiff tendered his bill of exceptions, and prosecuted a writ of error to this Court.
It appears from the bill of exceptions, that during the late war, plaintiff, being an officer in the Confederate service, took from defendant a horse, under military orders. After the close of the war, defendant commenced an action in the Circuit Court of White County, against James Eevis and J. Scott, for damages in the taking of the horse. Plaintiff being then absent in Warren county going to school, the summons was not served on him. Without his knowledge, his father, Toliver Eevis, compromised the suit with defendant, entering into an agreement with him to dismiss the suit against plaintiff and Scott, upon Toliver Eevis’ delivering to him a horse, which belonged to plaintiff, and which had been left by him with his father, to be fattened — defendant agreeing, also, to deliver to Toliver Eevis a small mare, which plaintiff had left with defendant, when the horse was taken from him. Defendant signed a written memorandum of the *660 agreement, and delivered it to Toliver Revis, whereupon the compromise was carried out, by the exchange of the horse for the mare. This agreement was made on the 15th of September, 1865.
At the May Term, 1866, of the Circuit Court, and after Revis had commenced his action of replevin, the following entry was made on the minutes, viz:
“JoHN "WAllace v. James Revis and J. Scott.
“Came the parties by tlieir attorney and file the following agreement, viz: ‘ This memorandum of agreement made between James W. Revis and Jack Wallace, witnes-seth, that James W. Revis has this day given to the said Wallace a good horse in the place of one which he previously took from him under military orders; the said Wallace agrees to dismiss a suit he has brought in the Circuit Court of White County, Tennessee, for the value of said horse, previously taken from him by the said Revis. Given this 15th day of September, 1865.5
“JOHN Wallace.’”
“Then came Toliver Revis and assumed two dollars and fifty cents of the costs, and John Wallace assumed the residue of the costs. It is therefore considered by the Court, that the plaintiff recover of the said Toliver Revis two dollars and fifty cents of the costs, and that the defendant recover of the plaintiff the remainder of the costs, and that execution issue.”
Plaintiff objected to the introduction of this record, and moved to set it aside by proving that he never consented, either by himself or attorney, to said order, and that he never had any attorney in said cause; but the Court rejected the proposed motion and evidence, and overruled plaintiff’s *661 objection to the reading of the record, when the same was read. The horse was proved to be worth from $125 to $175, and his use from 25 to 50 cents a day. When plaintiff was informed by his father of the arrangement he had made with defendant, he repudiated it and determined to reclaim his horse. For that purpose he instituted this action of replevin in' December, 1865.
The Circuit Judge charged the jury that, “the records of this Court are conclusive proof of all the facts that they show, and can not be disproved by other evidence, but are conclusive. So, if the records of this Court show, that in the case in this Court of John Wallace against James W. Nevis and James Scott, the parties appeared by attorney and produced the written compromise signed by Jóhn Wallace, that has been read to you, it is conclusive of the fact, that the parties did appear by attorney and produced said writing, and this fact can not be disproved by other evidence.”
It is manifest, that under this charge the jury had nothing more to do, than to ascertain the defendant’s damages. The leading question of fact, was, whether the plaintiff had ratified the act of his father, Toliver Nevis, in making the compromise with defendant. If the record in the' case of John Wallace v. James W. Nevis and J. Sco' was conclusive of the fact that plaintiff by his attorney had appeared in Court and had the agreement of compromise entered of record, it would follow almost necessarily, that this was a ratification of the agreement of compromise. But upon examination of the record it is apparent that it was not between the same parties. This is a suit between James W. Nevis and John Wallace. The record shows a *662 suit of John Wallace against; James Nevis and J. Scott.
The agreement spread on the minutes was signed by John Wallace alone, and therefore was not binding on plaintiff, unless he had ratified it, and this could not be inferred, from the simple fact that his attorney was present in court when the paper was spread on the minutes. It was no more plaintiff’s agreement when placed on the record than it was before. The charge of the Court might well bo construed by the jury as settling the question of the ratification of the compromise by the plaintiff. The proof shows that .the paper was produced in court by the attorney of Wallace, and that plaintiff was not represented at the time by any attorney. It was, therefore, error in the Court not to exclude the agreement when offered as a part of a record; and it was also error to charge the jury that the recital in the record was conclusive upon the plaintiff, so far as it could bear upon the question of ratification of the agreement.
The judgment below will be reversed, and the cause remanded for a new trial.