HENRIETTA McCALL *vs.* JOHN McCALL & others.

October Term, 1873.

BILL TO DECLARE FUTURE RIGHTS.—Upon a bill by a mother against her children, infants, for a declaration of her rights in land under a conveyance to her "for the separate use and enjoyment of her and her family," *Held :*

1st. That it was doubtful whether the Court could declare the future rights of the children so as to ensure purchasers a good title.

2d. That the children probably had an interest in the property.

3d. And in that view, that no sale could be made under this bill, it not being filed in conformity with the provisions of the Code, § 3,324, *et seq.*

*T. M. Steger,* for complainants.

*H. E. Jones,* for infants.

THE CHANCELLOR :—On the 17th of May, 1855, John Sigler, by deed of that date, conveyed to Thos. A McCall certain real and personal property to hold in trust for the grantor for life, and, after his death, in the events which have happened, to convey the same, in the words of the deed, "to my daughter, Elizabeth S. Hawkins, and to my daughter, Henrietta McCall, equally, share and share alike;" * * "And the said property, when conveyed to my said daughters, is to be held for the separate use and enjoyment of them and their families, and free from the debts and liabilities of their husbands." On the 1st of August, 1866, after the death of John Sigler, Thomas A. McCall conveyed to Henrietta McCall her share of said property, "to have

and to hold to the said Henrietta McCall upon the same terms and for the same uses and purposes as are set forth in the deed from John Sigler to me of date of the 15th of May, 1855."

The petition in this case is filed by Henrietta McCall against her children, all of whom are infants, and who answer by guardian *ad litem*. The petition states that most of the land conveyed to petitioner is unimproved, unproductive, and being consumed by taxes. "Petitioner also states that she is greatly in need of money to support herself and children, and properly educate them." And she suggests that some of the property should be sold to improve other parts vacant and unproductive. She adds: "And petitioner does not know what are her rights and powers under the deed." The petition thereupon prays that the deed be construed, and if the court should be of opinion that she has no right to convey the property under the deed, then petitioner prays that power be granted her to sell part of the property for the purposes named; that a trustee be appointed if necessary, etc.

The learned counsel for the petitioner and the infants have not undertaken to give the court any assistance in the decision of this case. They have contented themselves with handing the papers to the Chancellor under the apparent impression that he could, and would, either untie the legal knot presented by the facts, or, at any rate, cut it with the sword of justice. Unfortunately, the case has not been prepared so as to admit of a prompt solution either way. It is not a proceeding to sell the property of infants under the Code, for the petition does not aver that they have any property, nor is it filed, as § 3,324 expressly requires, by their regular guardian for and on their behalf. The only ground upon which the petition can be sustained, if it can be sustained at all, is as an application to the court to declare the relative rights of the mother and children under the deed. But it is by no means certain that the court has jurisdiction to decide upon their rights in this mode, so as to insure pur-

chasers a good title, where the rights of the parties depend upon the construction of a deed, and that construction might result in giving the children an interest after the death of the mother. It is the settled law of this court not to maintain a bill to declare future rights. *Langdale* v. *Briggs*, 39 Eng. L. & Eq. 214; *Crosse* v. *De Valle*, 1 Wall. 1, 15. I remember a case about twenty years ago prepared with a view to the ascertainment of the rights of mother and children under a deed somewhat like this, which was taken to the supreme court and there dismissed upon the ground that the court would not undertake to determine the rights of infants in remainder until their rights had actually vested in possession by the death of the tenant for life. That was a case, however, where the interest of the children was more clearly in remainder than under this deed. Moreover, should my decision be in favor of the children, no sale could be ordered without commencing *de novo*, and if in favor of the mother, the children would probably be entitled to a day in court after they come of age, and certainly to a writ of error. Code, 3,182; *Guest* v. *Sims*, 1 Tenn. 59; Danl. Ch. Pr. 154, 1,015.

Under these circumstances, I suggest to the learned counsel for the petitioner and the infants, that the best course to pursue would be to have a general guardian appointed for the infants, and for him to join with Mrs. McCall in an application to sell a portion of the property, under the provisions of the Code, upon the ground that, if the infants have any rights in the property, it is manifestly for their interest that part of it should be sold for their present maintenance and education, and a part for the improvement of the residue, or for more profitable investment, reserving expressly for future consideration and determination the question of the relative interest of mother and children. In this way, valid sales can certainly be made at once, without prejudice to the rights of the parties, the proceeds, over and above what may be needed for present support, being invested upon the terms and conditions of the original deed. The true

construction of the instrument may then be taken up whenever deemed necessary by either party, or, in view of the relationship of the parties, may be postponed indefinitely. The main object of the petitioner will thus be accomplished more certainly than in any other mode.

If, however, upon further consideration, the parties conclude that it is better to determine their rights now, I am ready to hear the counsel and to act according to my judicial duty. It is of every-day occurrence in this court for trustees, executors, and other persons occupying fiduciary relations to apply for a declaration of their rights, and instructions as to their duties. *Lorillard* v. *Coster*, 5 Paige, 172 ; *Hawley* v. *James*, 5 Paige, 442. In *Raiks* v. *Ward*, 1 Hare, 445, the bill was filed by a widow claiming under a residuary bequest of her husband's will, "for a declaration of the respective interests of herself and children," she insisting that she was entitled to the property absolutely, in which conclusion the court did not, however, agree with her. If the children in the deed before us have any interest in the the property, it is because the language of the deed burdens the legal title of the mother with a trust in their favor ; and it may be that she ought now to have the same right to ask the court "for a declaration of the respective interests of herself and children," as the mother had in the will case just referred to.

The language of the deed, upon which the rights of the infants turn, is not uncommon in wills, and has generally been held to give the children an interest in the property. It was so determined in *Woods* v. *Woods*, 3 M. & C. 401, where the devise or bequest by the husband was of an overplus after payment of debts "to my wife towards her support and her family." See, also, *Blackwell* v. *Bull*, 1 Keen, 176 ; 2 Spence's Eq. 73, 461, 468 ; *Harris* v. *Alderson*, 4 Sneed, 250, 256.

Whether the same construction would be given to similar language in a deed, and brought in as appears in the instrument in question, is reserved for further consideration, upon argument of counsel.