ELIZABETH D. DILLARD and others *vs.* LETITIA J. HARRIS and others.

## October Term, 1874.

ENTRY BY CONSENT—EFFECT.—An entry upon the minutes of the court by consent of parties binds only those who have consented to it, and, if not justified by the pleadings, is only efficacious as an agreement.

SAME—PRACTICE.—When such an entry purports to be made in a pending cause, the parties to that cause not consenting thereto are entitled to be protected against it by a proper order.

*Jno. Reid,* for A. J. Martin.

*Jno. Lellyett,* for other parties.

THE CHANCELLOR:—On a former day of the term an order was entered, as by consent of parties, referring it to the clerk and master to take proof and report upon the claim of A. J. Martin for fees for professional services, rendered in and about a fund of $8,000 or $9,000, received at New Orleans, and paid into this court in this cause. Some of the parties creditors claiming said funds, finding that there was such an order, appeared by their solicitor, John Lellyett, and objected to the entry of the order, upon the ground that they had never consented to it, and moved to vacate the order. Upon the hearing of this motion it appeared that the solicitor of this court, who had acted for

A. J. Martin, was not familiar with the history of the case, and supposed, inasmuch as the defendant Letitia J. Harris, the administratrix of B. D. Harris, deceased, and at whose instance Mr. Martin claimed to have acted, was willing to the reference, and, as other counsel consulted made no objection, that the motion was assented to by all parties. It further appeared from the admission of the solicitor of the said Letitia J., made in open court, that the administratrix was willing that such an order might be made. Under these circumstances, instead of striking out, or vacating the former order altogether, I permitted it to be modified so as to show by which of the parties to the cause it was assented to. I did so with the opinion expressed at the time that the order was utterly inoperative as a judicial act, being *coram non judice* and void, and was only effective, if effective at all, as an agreement binding alone on those who assented to it. *Cocker* v. *Bevis*, 2 Freem. Ch. 129 ; *Revis* v. *Wallace*, 2 Heisk. 662 ; *Allen* v. *Richardson*, 9 Rich. Eq. 56. It seemed to me that it would be rather ungracious on my part to refuse to allow the parties who wished to do so to spread their agreement on the minutes of the court, if the entry was clearly not binding, judicially, upon anybody, and only efficacious as between the parties to it as an agreement. I permitted the order, therefore, to stand as modified, against the objection of the parties represented by Mr. Lellyett.

Upon the order thus modified the clerk and master has taken proof, and made a report. The report was filed on the 15th of June, and on the 20th a decree was drawn up by A. J. Martin's solicitor confirming it, the defendant Letitia J. Harris, administratrix, by her solicitor, giving her assent in writing at the bottom of the decree of confirmation. This decree was not presented in open court previous to its entry, but handed to the clerk as agreed to, and not requiring the action of the court. Considering that this was the result of the former order, the course pursued was unexceptionable.

The parties who objected to the former order again appear, by their solicitor, and present written exceptions to the report, which they ask may be filed and considered, and the objections therein made have been urged orally with some warmth. If I am right in the opinion that the original order and the subsequent report and decree of confirmation are not judicial, but merely effective as part of an agreement, and, of course, binding only on the parties to the agreement, it is obvious that exceptions by third persons cannot be entertained. Such persons have no interest in any agreement which may be made by A. J. Martin and Letitia J. Harris, as administratrix, until that agreement is sought to be used against them.

But the (so-called) exceptions themselves, when examined, turn out not to be exceptions proper to the report, save only one, the fourth, but exceptions to the action of the court in allowing the record to be encumbered with such proceedings, and in permitting a stranger to intrude into the cause. The fourth exception is to the finding of the master upon Martin's own testimony, without requiring the written authority under which he acted, and without appearing to have examined the witness himself. It need scarcely be said that the exception is not well taken, the applicant being a competent witness to prove the retainer as well as the services rendered, written authority being only important to enable him to discharge his duties.

The real object of the exceptions is to protest against the entire action of the court in the matter of this application, and the paper is rather a bill of exceptions than what it purports to be. The solicitor has a right to except to the rulings of the court, and the Chancellor has no objection to his doing so in any form that, in his opinion, the interests of his clients require. If the Chancellor entertained the same fears as the learned counsel in regard to the danger to his clients of what had been done, he would unhesitatingly vacate the whole of it. He is, however, of the opinion already expressed, and which opinion is embodied in one of

the exceptions (so-called), that the proceedings are, as judicial acts, *coram non judice* and void. See, now, *Windsor* v. *McVeigh*, 93 U. S. 282. The only possible injury that can arise is that hereafter, owing to the fact that these proceedings are headed with the name of the particular case in which the fund is, they may be treated as entries or orders in that particular cause. Against this danger I think the excepting parties are entitled to be guarded. The solicitor may, therefore, draw up an order embodying therein his exceptions, and expressly declaring that the original order made upon the application of A. J. Martin, the modified order, and the report, evidence, and decree of confirmation are no part of said cause, but entirely separate, distinct, and *ex parte*, and in no way binding upon the parties to said suit not consenting thereto, nor conferring any claim whatever upon the funds in said case, and that the costs of the proceedings shall be taxed to the parties consenting thereto.