THERESA HERGEL, Administratrix, *vs.* F. LAITENBERGER. and others.

## April Term, 1875.

ORDER BY CONSENT WILL NOT PREJUDICE THOSE NOT CONSENTING.—An order made by consent of one of the parties to a suit will not prejudice the rights of other parties not consenting.

ANSWER CANNOT BE FILED AS AN ORIGINAL BILL.—Under the provision of the Code which authorizes an answer to be filed as a cross-bill, an answer cannot. be filed as an original bill.

CASE IN JUDGMENT.—Where a bill was filed by a judgment creditor to reach realty alleged to have been fraudulently conveyed by the judgment debtor to his wife, and other judgment creditors of the same debtor were, by consent of the complainant, made defendants, and thereupon filed an answer and prayed that it be taken as a cross-bill against their co-defendants to subject the same land to the satisfaction of their debts, a demurrer thereto, as unknown to the forms of the court and as in effect an original bill, was sustained with costs.

*John Ruhm*, for complainant.

*N. D. Malone*, for defendants.

THE CHANCELLOR :—The original bill was filed by a. judgment creditor of the defendant F. Laitenberger, upon return of *nulla bona*, to reach land held by Laitenberger's wife, on the ground that the conveyance was made to the wife for a consideration paid by the husband, and for. the purpose of hindering and delaying his creditors.

Pending the suit, on the 9th of November, 1874, Stein ·& Dorn, partners, filed their petition, stating that they were :also judgment creditors of F. Laitenberger, by judgment recovered before a justice of the peace, execution upon which had been returned *nulla bona*, and asking to be permitted to come in as defendants, and to file their answer :and cross-bill so as to enable them to reach the equity of said Laitenberger in the said land. The defendants ·objected to the application, and it was at once refused, the ·Chancellor· stating that no such practice was known to the ·court as the making of defendants at their own instance, and that the question had been so ruled in several cases after careful consideration. See *Stretch* v. *Stretch*, 2 Tenn. ·Ch. 140. The counsel of the petitioners then stated that he was also the counsel for the original complainant, and that :she was willing that the petitioners might be made defendants as prayed. The court said it might be done by such consent. The defendants' counsel asked if this could be ·done over their objection. To which the Chancellor replied that the complainant could make such defendants as she saw proper, subject, of course, to the risk of having to pay the ·costs of the proceeding if it were successfully resisted. That the order was at the peril of the parties making it. An order was, thereupon, by consent of the complainant, made accordingly, and petitioners filed their answer and ·cross-bill.

The answer and cross-bill were filed as one pleading, ·under § 4323 of the Code, which provides that " the defend-:ant may, by proper allegations, file his answer as a cross-bill, and require a discovery from the complainant, in which case demurrer or pleas may be filed, or other proceedings had upon the answer as upon a cross-bill." No amendment of the original bill was made, so as to raise an issue with the new parties, nor does the answer and cross-bill raise any controversy with the complainant, who is not ·even made a party to the cross-bill. The answer concedes that the complainant's allegations touching her debt are probably

correct, and then proceeds, by way of cross-bill, to state the petitioner's debt, and to charge the facts touching the land precisely as in the original bill. No relief is asked. against the original complainant.

The defendants demur to the cross-bill, assigning as. causes of demurrer that it is unknown to the forms of the court, and is not a cross-bill in any sense.

An order or decree made by consent, it need scarcely be: said, is a mere agreement of the parties, under the sanc-- tion of the court, binding only on the parties consenting- thereto. Other parties are not bound by it, nor precluded from asserting their rights and asking the judgment of the court as between them and the consenting parties, precisely- as if no such entry had been made. *Lamb* v. *Gatlin*, 2 Dev. & B. Eq. 40 ; *Dillard* v. *Harris*, 2 Tenn. Ch. 193. The spreading of an agreement upon the minutes of the court. leaves it as before—only conclusive on those who join in it, and any order of the court based upon it can have no. greater efficacy. *Cocker* v. *Bevis*, 2 Freem. Ch. 129 ; *Allen*. v. *Richardson*, 9 Rich. Eq. 56 ; *Wiseman* v. *Hunter*, 14. Rich. Eq. 172 ; *Revis* v. *Wallace*, 2 Heisk. 658. It is clear, therefore, that the defendants who demur to the cross-bill are in no way prejudiced, or precluded from any right of defence, by the permission given by the court, with the consent of the complainant, to the filing of the answer and. cross-bill.

The section of the Code under which the pleading was. drafted allows the answer to be filed as a cross-bill. All that the new parties can possibly claim under this section. is that the answer filed as a cross-bill shall have all the: force and effect of a separate cross-bill. That section cer-- tainly does not allow the answer to be filed as an original bill. If, therefore, the pleading in question is not a cross-- bill, it is, of course, unknown to the forms of the court, because contrary to its uniform practice and not authorized by statute. So, if it be an original bill it is not a cross-

'bill, and would be open to demurrer.    Story's Eq. Pl. § 631 ; *Galatian* v. *Erwin*, Hopk. 48, 59 ; *s. c.*, 8 Cow. 561.

A cross-bill, *ex vi terminorum*, implies a bill brought by a defendant in a suit against the plaintiff respecting the matter in question in the original bill ; and it is a weapon of defence in such case.    But sometimes it is brought against the co-defendants in a pending suit where they have opposite claims which the court cannot determine in the bill already filed, and the determination of such clashing interests is still necessary to a complete decree upon the subject-matter of the suit.    But in such last-mentioned case the original plaintiff must be named a defendant, together with the defendants in the first cause.    The reason being that the equity between the co-defendants grows out of the equity between the plaintiff and some one or more of the defendants, and cannot be determined without having all parties before the court.    Coop. Eq. Pl. 85.    It is, therefore, either a mode of defence or an auxiliary suit, and constitutes one cause.    Story's Eq. Pl. §§ 392, 631 ; 2 Dan. Ch. Pr. 1647 ; *Cross* v. *De Valle*, 1 Wall. 1.    If the cross-bill be set for hearing, the legal effect is to set the original cause also, for a cross-bill incorporates itself with the original bill and must be heard with it.    *Cocke* v. *Trotter*, 10 Yerg. 213 ; *Kemp* v. *Mackrell*, 3 Atk. 812.    And an appeal from a decree upon an original bill in the nature of a cross-bill opens the cause on the original bill.    *Woodrum* v. *Kirkpatrick*, 2 Swan, 218.    The cross-bill must be a defence to the original suit, an auxiliary suit to it, or dependent upon it so far that the equity between the co-defendants is the result of the complainant's litigation.    Story's Eq. Pl. § 399.

Tested by these rules the bill before us is fatally defective.    It is not a defence to the original bill, for there is no contest between the complainant and these new parties, nor any issue made between them.    It is not an auxiliary suit, for the original complainant is not made a party to it, and no

decree which might be rendered in it would in the least affect her rights. It is not a dependent suit within the rule, for the equity of the new parties, if they have any, does not grow out of the complainant's demand, nor is in the least dependent upon the result of that demand. The original complainant is a judgment creditor of F. Laitenberger, who, after exhausting her legal remedy, is seeking to reach equitable assets for the satisfaction of her debt. The new parties are, in like manner, judgment creditors who have exhausted their legal remedy and are seeking to reach the same property. There is no connection between these demands, no common lien on the property in controversy, no equity arising between the co-defendants out of the primary litigation. Both creditors, it is true, are seeking to reach the same property, but in separate and independent rights. The sole object of the cross-bill is to obtain an end which the parties were clearly entitled to attain by an original bill. The bill is, in substance, an original bill without a single element of a cross-bill proper.

The demurrer must, therefore, be sustained, and the so-called cross-bill dismissed with costs.