### H. C. PRICHITT and others *vs.* MARY N. KIRKMAN and others.

### April Term, 1875.

DESCENT OF LAND—DEED OF GIFT FROM FATHER—WHOLE AND HALF BLOOD.—Land held by a son under a deed of gift from the father descends, upon the death of the son without children, to the son's brothers and sisters. *ex parte paterna* of the whole and half blood, subject to the dower of the son's widow.

DOWER—VALUE MAY BE ASSIGNED BY LANDS IN FEE—CONSENT FOR INFANTS.— The value of the widow's dower may, with her consent, be set apart to her in land in fee, and the court may assent to such an arrangement for infant heirs, if satisfied that it is manifestly for their interest.

BILL TO DECLARE FUTURE RIGHTS.—The court cannot construe a deed and declare future rights where the parties who may be entitled in remainder are not before it, and there is no trustee asking for instructions for his protection; nor will it, as a general rule, declare future rights.

*C. D. Berry*, for complainants.

———, for defendants.

THE CHANCELLOR: — The lots in question in this case were, on the 8th of March, 1867, conveyed by deed to James P. Kirkman, his heirs, etc., "to sell and convey said lots, or any of them, and reinvest in other real estate, with like power to sell and reinvest whenever, and as often, as he may think best, and to hold the original lots, and other real estate in which the proceeds of sale may be reinvested, for the joint use of himself and his sisters, Catherine H. Kirkman and Amanda Kirkman, with power to apply the rents, incomes, and profits for his and their benefit, until the said Amanda Kirkman shall arrive at the age of twenty-one years, at which period the said James P. Kirkman is to have, in his own right in severalty, one-third of the real estate then held under the foregoing trusts, and free from the trusts ; and the said Catherine H. Kirkman shall be entitled to one-third of said realty, and the said Amanda Kirkman to the remaining third ; but the shares of the said Catherine and Amanda shall still be held by the said James P. Kirkman, his heirs, etc., in trust for the sole and separate use of the said Catherine and Amanda, respectively, during life, the share of each at her death to go to her children." This deed was made by John Kirkman, the father of the beneficiaries.

James P. Kirkman has died without children, leaving a widow, his two sisters of the whole blood, and two sisters and one brother of the half blood by his father, all of whom are parties. The sisters of the whole blood are both of age, and have intermarried respectively with Prichitt and Berry. This bill is filed by Prichitt and wife and Berry and wife against the widow of James P. Kirkman, and their half-sisters and half-brother, for a construction of the deed, the allotment to the widow of dower, and partition of the lots.

There can be no doubt that by the deed James P. Kirkman took an undivided one-third interest in fee in the lots, or the property in which the same might be reinvested by him as trustee, subject to be kept together for the joint use of himself and sisters until the youngest came of age, and

then to become his in severalty, free from the trusts of the deed. His widow and heirs are entitled to have the said one-third of said property set apart accordingly. The property having been received by gift from the father, it is clear that the brother and sisters of the half blood take equally with the sisters of the whole blood, each one-fifth. Code, § 2420, subsec. 3. They take their shares free from the trusts of the deed, for the contingency has occurred upon which the title became absolute and free from such trusts. The widow is, of course, entitled to dower in one-third of the realty. She agrees to receive this dower interest by the allotment to her in fee of lots of the value of the dower. Although she cannot be forced to do this, she may voluntarily elect to do so. *Summers* v. *Donnell,* 7 Heisk. 565. The evidence, which includes the testimony of John Kirkman, the father of all the heirs, is clear, and so the master reports that it is manifestly for the interest of the infant heirs that this arrangement should be made. Whatever doubts I might have upon the subject must yield to the weight of testimony, including, as it does, the evidence of the nearest of blood and friendship, and who must understand the interest of the infants better than the court could possibly do. I have, therefore, sanctioned the arrangement for the infants, being of opinion that I have the power to do so, if satisfied that it is for their benefit. *Gray* v. *Barnard,* 1 Tenn. Ch. 300 ; Code, §§ 3305, 3306, 3307.

The shares of the married women, complainants, in the residue of the realty, after separating the one-third of James P. Kirkman, must be held subject to the trusts of the original deed. I am asked to declare the rights of these complainants in said property. But it is obvious that no binding construction can be given for want of necessary parties. The children of these *femes covert* are not before the court. Such a construction, moreover, cannot now be demanded. It is the settled law of this court not to maintain a bill to declare future rights. *McCall* v. *McCall* 1 Tenn. Ch. 500 ; *Alexander* v. *Miller,* 7 Heisk. 65, 80 ; *Toomer* v. *Rhodes,* 11

Rich. Eq. 256. In *Langdale v. Briggs*, 39 Eng. L. & Eq. 214, Lord Justice Turner remarks: " As long as I have known this court, now for no inconsiderable period, I have always considered it to be settled that the court does not declare future rights, but leaves them to be determined when they may come into possession." See *s. c.*, 8 De G. M. & G. 391, 419. This language is quoted with approval, and acted on by the Supreme Court of the United States, in *Crosse v. De Valle*, 1 Wall. 1, 15. The reason is that the court can only act by its decree, which must be made on an existing state of facts, so as to be the *action* of the court as distinguished from an *abstract opinion*. The court has jurisdiction to *decide*, not to *advise*. *Tayloe v. Bond*, Busb. Eq. 16. And see, further, as to the limits of jurisdiction in the construction of wills and trusts, *Bailey v. Briggs*, 56 N. Y. 407; *Chipman* v. *Montgomery*, 63 N. Y. 230; *Wright* v. *Atkyns*, 1 Turn. & R. 143; *Hart* v. *Tribe*, 1 De G. J. & S. 420; *Walmsley* v. *Foxhall*, 1 De G. J. & S. 451; *Fyfe* v. *Arbuthnot*, 1 De G. & J. 408; *Webb* v. *Byng*, 8 De G. M. & G. 633. In this case there are no trustees before the court asking instructions for their protection, and the absence of parties in interest would render any construction of the deed, further than has been made upon the existing facts, an abstract opinion and *dictum*.