ANDREW KIRKPATRICK, receiver &c.,

*v.*

ERASTUS CORNING et al.

The complainant seeks to redeem certain real estate sold under foreclosure in this court, on equitable terms. All the defendants, except Alice Buckingham and her husband and Susan Horner, demurred to the bill for want of equity. Their demurrer was sustained in this court, but the decree of this court was reversed by the court of errors and appeals, where it was held, as this court had held, that the decree in the foreclosure suit was conclusive on the complainant; but that court held further that complainant might be entitled to relief on the ground of fraud in the sale under that foreclosure. Afterwards, all of the bill, excepting the part relating to that fraud, was stricken out. The defendant Alice Buckingham, who has already answered, now moves for leave to file an amended answer by way of cross-bill against certain of her codefendants, to obtain the relief which it has been held in this case the complainant cannot himself obtain. The original bill neither asks for any relief against her, nor can any be thereby obtained against her.—*Held*, that the application must be refused. A cross-bill is considered as a mode of defence, and must be confined to the subject of the litigation in the original suit, and cannot be the means of instituting a distinct suit in relation to other matters, and cannot become the foundation of a decree as to such matters.

Bill for relief. On motion for leave to file amended answer by way, of cross-bill.

*Mr. F. B. Candler*, of New York, and *Mr. J. M. Buckingham*, of New York, for the motion.

*Mr. T. N. McCarter* and *Mr. Amasa J. Parker*, of New York, *contra.*

THE CHANCELLOR.

By the original bill, the complainant, as receiver of the late firm of James Horner & Co., seeks to redeem certain real property sold under a decree of this court in foreclosure proceedings, on the payment of the sum actually due on the mortgage, after deducting therefrom the fair value of the use and occupation of the premises since the foreclosure sale, and crediting the full value of certain personal property of the firm bought by Corning, the holder of the mortgage, at master's sale held by order of this court; and if that be denied, he prays that the sale under the foreclosure decree may be set aside and a new one ordered, to raise what may be due on the mortgage, after making such credits as the complainant may be equitably entitled to. The facts set forth in the bill are stated in *Kirkpatrick* v. *Corning, 10 Stew. Eq. 54.* All the defendants, except Alice Buckingham and her husband and Susan Horner, demurred to the bill for want of equity. In this court the demurrer was sustained, but the decree sustaining it was reversed in the court of errors and appeals. *Kirkpatrick* v. *Corning, 11 Stew. Eq. 234.* In that court it was held, as it had been held here, that the decree in the foreclosure suit was conclusive upon the complainant; but that court held that he might be entitled to relief, on the ground of fraud in or in connection with the sale. On motion in this court, all that part of the bill which related wholly to the former ground of relief (against the decree) was subsequently stricken out. *Kirkpatrick* v. *Corning, 12 Stew. Eq. 22.* The defendant Alice Buckingham, who has already answered, now moves for leave to file an amended answer, by way of cross-bill, against the defendants, Corning, Ludlum and wife and the Pompton Steel and Iron Company, to obtain, amongst other relief, the very relief against the decree which it was held that the complainant was not entitled to. The foreclosure decree, it may be remarked, is equally conclusive against her as against the complainant, for she was a party to the foreclosure suit. The scope

of the proposed cross-bill will be understood when it is stated that it deals with transactions that took place, as alleged, between Ludlum and James Horner thirty years ago, and ten years before the death of the latter; charges that Ludlum fraudulently induced Horner to make a will in 1871, and a codicil to it in 1873; and, in fact, covers all the matters which have been the subject of litigation between Mrs. Buckingham and Ludlum, and between her and Corning, for years past. Its extent will be seen by reference to its prayers, which are seventeen in number, and are as follows: That the defendants, Corning, Ludlum and wife and the Pompton Steel and Iron Company, may be decreed to be jointly and severally liable to the partnership estate for all the property of that estate which came into the possession of Ludlum as surviving partner and receiver, and which, through his fraudulent acts, came into the possession of the other defendants just named, or either of them, and that they may account to the estate on equitable terms; that it may be decreed that the foreclosure proceedings were and are fraudulent and void as against the partnership estate and as against the interests of Mrs. Buckingham, as heir-at-law and devisee of James Horner, and as his sole executrix, and that the decree of foreclosure may be opened and she be let into possession of the mortgaged premises, on paying the amount, if any, found due on the mortgages on the accounting thereinafter prayed for; that she, as devisee and sole executrix, may be permitted to redeem that property on equitable terms; that the master's sale of personal property of the partnership, so far as regards property sold to Ludlum as agent for any one, may be declared void, and that that property sold to him as agent, with all its accumulations, profits and dividends, whether standing in stock in the Pompton Steel and Iron Company, in the name of Corning or others, may be declared to be the property of the partnership; and that the Pompton Steel and Iron Company and Ludlum and Corning may be declared trustees as to that property and those accumulations, profits and dividends, on equitable terms, and to be jointly and severally liable to the partnership estate, as such, therefor, and for all damages to the firm growing out of the mas-

ter's sale; that the Schuyler lease may be declared to be the property of the partnership estate, and be decreed to be conveyed to it upon equitable terms; and, if the right of purchase of the property covered by the firm's lease is lost, that the Pompton Steel and Iron Company, Ludlum and his wife and Corning may be declared trustees of the lease to Mrs. Ludlum for the partnership estate, and to be jointly and severally liable to that estate for all damages which the estate may have suffered by their allowing the firm's lease to lapse; that there may be an accounting with Corning as to what, if anything, is due on the mortgages; that he may be allowed for all moneys advanced by his father to the firm of James Horner & Co., with lawful interest; that in the accounting there be credited to the late partnership of James Horner & Co. all sums paid by them on account of the loans on the mortgages, for bonuses, usury and excessive and unlawful interest prior to June 9th, 1874; that all sums paid on account of the loan by the firm, in cash, whether prior or subsequently to its dissolution, be credited on the mortgages; that all damages and waste suffered by the partnership estate by means of the fraudulent and collusive acts of Corning and Ludlum, may be ascertained under the direction of this court, and be credited on account of any amount found due on the mortgages on the accounting thereon; that the personal property sold at the master's sale to Ludlum, as agent for Corning, and converted into the stock of the Pompton Steel and Iron Company, with all its accumulations, profits and dividends, may be declared to be the property of the partnership estate and credited on the amount, if any, found due on the mortgages on the accounting thereon; that Corning may account to the partnership estate for the rents, issues and profits of the partnership real estate bought in by him at the sale under the foreclosure decree, he to have due allowance for taxes paid and for ordinary and necessary expenses thereon while in his possession; that if, upon the accounting prayed for, anything shall be found due to Corning, he may be decreed, upon payment thereof, to cancel the mortgages of record and reconvey all rights he may have in the property; and that if on the final accounting under the prayers of the bill, the

mortgage debt shall be found to be paid and a balance to be due
from Corning, he may be decreed to cancel the mortgages, and
that the partnership estate or the receiver may have a decree
against him for such balance; and finally there is the general
prayer for relief.

On the original bill, as it now stands, after striking out the
parts condemned on demurrer, the complainant can have no re-
lief, except the setting aside of the sale of the mortgaged premises
and permitting him to redeem the property; the decree standing
as establishing the amount due when it was entered; and, per-
haps, also, he may have the Schuyler lease transferred on equit-
able terms. *11 Stew. Eq. 249.* But whatever relief he may be
entitled to, he seeks it against Corning, Ludlum and wife, and
the Pompton Steel and Iron Company. He seeks none against
Mrs. Buckingham; nor can he obtain any against her. Indeed,
as was said in this court, and in the court of last resort, in the
decision upon the demurrer, this suit is manifestly, in fact, not
prosecuted adversely to her, but in her behalf. She has no de-
fence to it. The cross-bill is not to be exhibited against the com-
plainant, but against some of the defendants. It cannot be
allowed, unless it is necessary, in order to obtain discovery, or to
get relief on some collateral claim or opposite interest of hers,
which she should be permitted to litigate, in order that this court
may have before it all the matters material to the making of a
decree in the original suit upon the subject-matter of that suit.
*Mitf. Pl. 83.* She seeks by this bill to litigate no matter neces-
sary to her defence as against the relief sought by the original
bill, but seeks an opportunity by this means, not only to sup-
plement and re-inforce that bill in aid of the complainant, by
setting up substantially the same matters which have been stricken
out, but also to obtain relief for herself outside of the subject
of that bill, by setting up matters outside of those stated therein.
As to all such latter matters, the proposed cross-bill is an original
bill, and no decree thereon can be made in this suit. It is too
plain for discussion that the proposed bill is entirely at variance
with the established rules of correct pleading and practice in
reference to exhibiting cross-bills. A cross-bill is considered as

a mode of defence, and it must be confined to the subject of litigation in the original suit. It cannot be the means of instituting a distinct suit in relation to other matters, and cannot become the foundation of a decree as to such matters. *Mitf. Pl. 81; Story's Eq. Pl. § 631; 1 Hoff. Ch. Pr. 346. Galatian* v. *Erwin, Hopk. 48,* furnishes an illustration. There the original suit was for foreclosure of two mortgages. By cross-hill one of the defendants in her defence sought to impeach, for fraud, the title of the mortgagor, not only to the mortgaged premises but to other lands, the title to which he obtained at the same time through the same means—a sale in proceedings for partition. It was held that, as a defence to the original suit, the cross-bill was entirely proper, but that it could not introduce a distinct suit relative to the other lands, or become the foundation of a decree concerning matters not embraced in the original suit; and that no decree beyond the subjects of controversy in the original suit could be made in the cause. See, also, *S. C., 8 Cow. 361,* and *Cross* v. *Del Valle, 1 Wall. 1.*

The leave applied for will be denied, with costs.