76 U.S. 807 (____)
9 Wall. 807
RUBBER COMPANY
v.
GOODYEAR.
Supreme Court of United States.

Messrs. Payne, Cushing, and Parsons, for the appellant; and Mr. W.E. Curtis and Mr. Stoughton, contra.
Mr. Justice SWAYNE stated the case and delivered the opinion of the court.
After the interlocutory decree was entered in the case of Charles Goodyear, executor of Charles Goodyear, deceased, *808 and others, against The Providence Rubber Company and others, in the Circuit Court of the United States for the District of Rhode Island, and while the case was before the master to whom it had been referred, the complainants filed this bill. It alleges that they hold a judgment against the estate of Charles Goodyear, deceased, in favor of E.M. Chaffee & Co. for the sum of $48,215.20, amounting, with interest thereon, to $72,215.20, or thereabout, which they insist ought, in equity and good conscience, to be offset against such portion of the damages to be recovered in the suit first mentioned, as may be due and payable to Charles Goodyear, the executor. An exhibit is annexed to the bill and made a part of it, by which it appears that the judgment was recovered against Charles Goodyear, deceased, in his lifetime, by attachment; that process was not served upon him; that he did not appear; that he made no defence; that the cause of action was the alleged breach of a contract; and that the court assessed the damages for which the judgment was rendered.
It further appears by this exhibit that the firm of E.M. Chaffee & Co. consisted of Edwin M. Chaffee, George O'Bourne, and William W. Brown. The sheriff's return upon the writ of attachment is as follows:
"For want of the body of the within-named defendant to be by me found in my precinct, I have this day, at eleven o'clock, A.M., made service of this writ by attaching two pieces grass cloth, one piece red fitting, six rolls cotton batting, one piece of perforated rubber cloth, one roll grass cloth, one roll sheeting, covered with cotton batting, two bundles wadding, one piece bagging, set forth to me by the plaintiffs as the property of the defendant, and have left a true and attested copy of this writ, with my doings hereon, with Messrs. Bourne and Brown, in whose hands or possession I found said goods and chattels, the defendants having no last and usual place of abode within my precinct where to leave a copy."
The bill further sets forth that the Union India-Rubber Company claims to be a corporation of the State of New *809 York, having its principal place of business in the city of New York, and that the Phenix Rubber Company claims to be a corporation of the State of Connecticut, having its principal place of business also in the city of New York.
The prayer of the bill is, that the defendants set forth and discover what share of the damages to be recovered in the prior suit they respectively claim; that the judgment may be set off against that portion which shall belong to Charles Goodyear, as executor of Charles Goodyear, deceased; and for other and proper relief. There is a further prayer that service of process may be made upon the corporation defendants, by serving it upon their solicitor of record, and that service may be made upon Charles Goodyear, the executor, by some disinterested person in the State of New York. Substituted service was made upon the corporations accordingly, pursuant to an order of the court. Charles Goodyear entered his appearance, and demurred. The corporations appeared specially, and moved to dismiss the bill. The demurrer and the motion were both sustained, and the bill was dismissed. The complainants thereupon appealed to this court.
In the argument here, the counsel for the appellants have endeavored to support the bill, upon the ground that it is a cross-bill, having for its object to enforce an offset arising under such circumstances as give a court of equity jurisdiction of the case, and authority to give the relief for which the bill specifically prays. A cross-bill is brought to obtain a discovery in aid of a defence to the original suit, or to obtain complete relief to all the parties as to the matters charged in the original bill. It should not introduce any distinct matter. It is auxiliary to the original suit, and a graft and dependency upon it. If its purpose be different from this, it is not a cross-bill, though it may have a connection with the same general subject.[*] Here the original suit was for the infringement of a patent. The defences were *810 invalidity of the patent and a license. Neither the case made by the bill nor the defences set up in the answer had the slightest relation to the judgment in question. It is entirely foreign to the grounds of the controversy. Its only connection with the parties was that it belonged to the defendants, and was against the testator of one of the complainants. Any discovery in relation to it could not give or help any defence to the original suit. It was simply a fact affecting personally a portion of the parties, but no more affecting the litigation than would any other controversy between them as to lands, stocks, or other property. We, therefore, hold the bill to be an original and not a cross-bill.
Can it be sustained as such? When it was filed, no decree had passed in the original suit for the payment of damages. Non constat that such a decree would ever be made. It was possible that the court might annul the interlocutory order, decree for the defendants, and dismiss the bill. The bill before us was therefore prematurely filed. The judgment which it seeks to enforce was recovered in a proceeding by attachment. It did not affect the defendant personally, and bound no property but that upon which the grasp of the court was fixed by the service of the writ of attachment. Beyond that it was ineffectual for any purpose. An execution could not be issued upon it to reach other property, and it would not be primâ facie evidence against the defendant in another suit upon the same cause of action. To enforce the contract against the testator while living, or his executor after his decease, it was necessary to sue, procure personal service, and make the same proofs as if the judgment in attachment had not been rendered. Such a judgment has no more efficacy and can no more be enforced in equity than at law. The demurrer of the executor was well taken and properly sustained.[*]
The motion to dismiss was made by the foreign corporations. The bill, being in no wise auxiliary to the original suit *811 nor in continuation of that proceeding, the case was not one proper for substituted service.[*] They were not bound to appear. They entered their appearance specially, and appeared only to object to the jurisdiction of the court.
The learned judge who heard the case below was correct in ordering the bill to be dismissed.
DECREE AFFIRMED.
NOTES
[*] Mitford's Pleading, 80, 81; Ayres v. Carver, 17 Howard, 591; Cross v. De Valle, 1 Wallace, 5.
[*] D'Arcy v. Ketchum, 11 Howard, 165; McVicker v. Beeby, 31 Maine, 314; Story's Conflict of Laws, § 314.
[*] Dunn v. Clarke, 8 Peters, 1.