## Case No. 8,575.

### LOWENSTEIN v. GLIDEWELL.

[5 Dill. 325; 7 Cent. Law J. 167; 6 Reporter, 454; 10 Chi. Leg. News, 404.][1]

Circuit Court, E. D. Arkansas. June, 1878.

SUBPOENA TO ANSWER CROSS-BILL — SERVICE ON SOLICITOR—BILL AND CROSS-BILL—RIGHT OF VOLUNTARY DISMISSAL.

1. The general chancery rule is that service of subpoena to answer a cross-bill cannot be made upon the solicitor of the plaintiff in the original bill; but to this rule the United States circuit

---

[1] [Reprinted from 2 N. B. R. 306 (Quarto, 99), by permission.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 6 Reporter, 454, contains only a partial report.]

court recognizes two exceptions—one in cases of injunctions to stay proceedings at law. and the other in cross-suits in equity, where the plaintiff at law in the first and the plaintiff in equity in the second case reside beyond the jurisdiction of the court; and this only for the purpose of preventing a failure of justice.

[Cited in Cortes Co. v. Thannhauser, 9 Fed. 228; Gregory v. Pike, 29 Fed. 590; Fidelity Trust & Safety Vault Co. v. Mobile St. Ry. Co., 53 Fed. 851.]

2. The plaintiffs in the original bill in an equity suit have the right, as a matter of course, at any time before decree, to dismiss their bill at their own costs; but where a cross-bill has been filed by defendants and service of process was had thereunder on the plaintiffs, or the latter had voluntarily entered their appearance thereto, then the defendants would be entitled to a decree pro confesso on such cross-bill on a dismissal of the original bill by the plaintiffs after the lapse of the time allowed them by the rules to answer.

[Cited in Markell v. Kasson, 31 Fed. 105; The Eliza Lines, 61 Fed. 322. 324.]

[Cited in Wetmore v. Fiske, 15 R. I. 356, 5 Atl. 376, and 10 Atl. 627, 629.]

3. The bill and cross-bill in equity do not necessarily constitute one suit. and the service of a subpoena on the defendants in the cross-bill is necessary to bring them into court on such cross-bill, unless they voluntarily enter their appearance thereto, which is ordinarily done.

The plaintiffs filed their bill to foreclose a deed of trust on real estate. R. D. Partee and wife, among others, were made defendants, upon the allegation that they had some interest in the said mortgaged premises, or some part thereof, as purchasers, judgment creditors, or otherwise, which interests, if any, have accrued subsequent and are junior to complainants' lien, and subject thereto. Partee and wife answered, alleging they were the owners in fee of the property by purchase from one Christman, from whom Parish, the grantor in the deed of trust, derived his title; that the sale of the premises by Christman to Partee and wife was made long before the conveyance by Christman to Parish, and Parish to plaintiffs; that all these parties had full notice of the purchase by Partee and wife; that a suit for specific performance of the contract for the sale of the property was brought by Partee and wife against Christman in the Pulaski chancery court, and was pending at and before the conveyance of the property by Christman to Parish, and Parish to plaintiffs, and that said parties had notice of the pendency of such suit, and that that court decreed a conveyance of the property from Christman to Partee and wife, the title under such conveyance to relate back to the 20th day of December, 1876.

Partee and wife also filed a cross-bill against the plaintiffs, setting up the same facts set out in their answer, and praying for the cancellation of the plaintiffs' deed of trust, and for a decree against plaintiffs for the rents and profits of the property received by them between the 23d of January, 1877, and the 27th of December, 1877, from the trustee in the deed of trust. who was in possession as such under said deed, and col-

lected the rents of the property and paid the same to the plaintiffs for the period mentioned. The cross-bill was filed February 4th, 1878. No process has issued thereon, and the defendants, who are plaintiffs in the original bill, have not entered their appearance thereto. The plaintiffs in the original bill now move for leave to dismiss the same. To this motion Partee and wife, who are named among the defendants in the original bill, and who are plaintiffs in the cross-bill, object, and they also move for a decree pro confesso on their cross-bill. Plaintiffs claim the dismissal by them of the original bill operates to dismiss the cross-bill.

Erb, Summerfield & Erb, for plaintiffs.
Dodge & Johnson, for Partee and wife.

CALDWELL, District Judge. The plaintiffs in the original bill have the right, as a matter of course, at any time before decree. to dismiss their bill at their own costs. 1 Barb. Ch. Prac. 225, 228; 1 Daniell, Ch. Prac. 792. The cause is not at issue on the original bill—no replication to the answer having been filed—and the defendants in that bill, under rule 66, might have obtained an order, as of course, for a dismissal of the suit for this reason.

The motion of plaintiffs to dismiss their bill is granted, and the same will be dismissed at their costs. The motion of plaintiffs in the cross-bill for a decree pro confesso thereon against the defendants therein named is denied. If the defendants in the cross-bill had been served with process, or had voluntarily entered their appearance to the cross-bill, the plaintiffs therein would have been entitled to a decree pro confesso after the lapse of the time allowed defendants by the rules to answer.

The bill and cross-bill in equity do not necessarily constitute one suit, and, according to the established practice in equity, the service of a subpoena on the defendants in the cross-bill, although they are parties in the original bill, and in court for all the purposes of the original bill, is necessary to bring them into court on the cross-bill, unless they voluntarily enter their appearance thereto, which is the usual practice. And the general chancery rule is, that service of the subpoena in chancery to answer a cross-bill cannot be made upon the solicitor of the plaintiff in the original bill. 1 Hoff. Ch. Prac. 355, and note 4.

In the chancery practice of the circuit courts of the United States there are two exceptions to this rule—(1) in case of injunctions to stay proceedings at law, and (2) in cross-suits in equity. where the plaintiff at law in the first and the plaintiff in equity in the second case reside beyond the jurisdiction of the court. In these cases, to prevent a failure of justice, the court will order service of the subpoena to be made upon the attorney of the plaintiff in the suit at law

in the one case, and upon his solicitor in the suit in equity in the other. Eckert v. Bauert [Case No. 4,266]; Ward v. Sebring [Id. 17.160]; Dunn v. Clark, 8 Pet. [33 U. S.] 1; and for application of analogous principles to parties to cross-bills, see Schenck v. Peay [Case No. 12.450].

It not unfrequently occurs that the facts constituting defendant's defences to an action or judgment at law are of a character solely cognizable in equity; and in suits in equity it often happens that the defendant can only avail himself fully and successfully of his defence to the action through the medium of a cross-bill. In suits in these courts the plaintiff is usually a citizen of another state, and hence beyond the jurisdiction of the court, and in such cases defendants who desire to enjoin proceedings at law, and defendants in equity cases who desire to defend by means of a cross-bill, would, but for this rule of practice, be practically cut off from their defences by reason of their inability to make service on the plaintiff in the action. It would be in the highest degree unjust and oppressive to permit a non-resident plaintiff to invoke the jurisdiction of the court in his favor, and obtain and retain, as the fruits of that jurisdiction, a judgment or decree to which he was not in equity entitled, by remaining beyond the jurisdiction of the court whose jurisdiction on the very subject matter, and against the very party, he had himself first invoked. The reason of the rule would seem to limit it in equity cases to cross-bills either wholly or partially defensive in their character, and to deny its application to cross-bills setting up facts not alleged in the original bill, and which new facts, though they relate, as they must, to the subject matter of the original bill, are made the basis for the affirmative relief asked. The cross-bill in this case is of this latter character, and, without deciding that this fact alone would preclude the court from directing service of the subpoena on the solicitors of the plaintiffs in the original bill, such an order will not be made after plaintiffs have filed their motion to dismiss their bill—a motion grantable as of course.

Whether the dismissal of the original bill carries with it the cross-bill depends on the character of the latter. If the cross-bill sets up matters purely defensive to the original bill and prays for no affirmative relief, the dismissal of the latter necessarily disposes of the former. But where the cross-bill sets up, as it may, additional facts not alleged in the original bill, relating to the subject matter, and prays for affirmative relief against the plaintiffs in the original bill in the case thus made, the dismissal of the original bill does not dispose of the cross-bill, but it remains for disposition in the same manner as if it had been filed as an original bill. Worrell v. Wade's Heirs, 17 Iowa, 96; 2 Daniell, Ch. Prac. 1556.

The cross-bill in this case is of this character, and it will remain on the docket, and the plaintiffs therein can take such action in relation thereto as they may be advised, but no steps can be taken in the case until defendants are brought into court.

Ordered accordingly.