FIDELITY TRUST & SAFETY VAULT CO. v. MOBILE ST. RY. CO.[1]

(Circuit Court, S. D. Alabama, January 4, 1893.)

1. EQUITY—PARTIES—INTERVENERS.
Persons not parties to a suit cannot appear in it, but those belonging to a class represented in the case, such as bondholders in a foreclosure suit

[1] Reported by Peter J. Hamilton, of the Mobile, Ala., bar.

brought by the trustee of the mortgage, are regarded as quasi parties, and may be heard for the purpose of protecting their interest.

2. SAME—SERVICE BY SUBSTITUTION.
   In such case service may, by leave of court, be had on the attorney for the complainant, when the complainant is beyond the jurisdiction of the court.

3. SAME—RELIEF SOUGHT MUST BE GERMANE.
   The relief sought under substituted service must be germane to the suit, and must not be under new facts, not set out in the bill, and made the basis for independent affirmative relief, as to which the attorney is not retained.

4. EQUITY—CROSS BILL—PROVINCE OF.
   A cross bill is auxiliary to the original proceeding, and can be sustained only on matters growing out of the bill, and embraced in it. Unless the cross bill seeks either discovery or complete relief as to subject-matter of the bill, it becomes itself an original bill.

5. SAME—DAMAGES—FORECLOSURE SUIT.
   A petition seeking to recover damages from the trustee for maladministration of the trust cannot be filed as a cross bill in a proceeding for the foreclosure of the deed of trust.

6. SAME—SETTING ASIDE SUBSTITUTED SERVICE.
   An order giving leave to serve a cross bill by substitution may be set aside when improvidently made.

7. PRACTICE—SERVICE OF NONRESIDENT.
   When a nonresident corporation is not doing business in the jurisdiction, service on the president, temporarily present in the district, is not effective in Alabama.

In Equity. Bill by the Fidelity Trust & Safety Vault Company against the Mobile Street-Railway Company to foreclose a mortgage. A petition in the nature of a cross bill was filed by F. J. Gasquet and others, bondholders under the mortgage, to recover damages against the trust company for improper execution of the trust. By leave of court, substituted service of the petition was had upon complainant's attorney, and also upon the president of the trust company, while temporarily in the state. Heard on motion to set aside the service. Granted.

Clark & Clark and Overall, Bestor & Gray, for the motion.

G. L. & H. T. Smith and McCaleb & Lapeyre, opposed.

TOULMIN, District Judge. Persons who are not parties to a suit cannot, in general, file a petition therein, for any cause. But persons belonging to a class represented in the suit, such as mortgage creditors represented by the trustees of the mortgage, are regarded as quasi parties, and may be heard on petition or motion. Anderson v. Railroad Co., 2 Woods, 628. In suits brought by a trustee, or otherwise affecting trust property, the beneficiaries of the trust will frequently be allowed to intervene, for the purpose of protecting their interest. Fost. Fed. Pr. 291; Carter v. City of New Orleans, 19 Fed. Rep. 659.

In such cases, by leave of the court, service may be had by substitution upon the attorney for complainant, when the complainant is beyond the jurisdiction of the court. Lowenstein v. Glidewell, 5 Dill. 325; Rubber Co. v. Goodyear, 9 Wall. 807; Bowen v. Christian, 16 Fed. Rep. 730.

It was in view of these principles that the order for substituted service was made in this case, and on the idea that the paper termed a "petition in the nature of a cross-bill" was in fact a petition of intervention. But the application of the rule for substituted service is denied to cross bills setting up facts not alleged in the original bill, and which new facts, though they relate to the subject-matter of the original bill, are made the basis for affirmative relief. Lowenstein v. Glidewell, supra; Rubber Co. v. Goodyear, supra. If the service relates to a new and independent action in which the attorney has not been specially retained, it is not good. If the paper called a cross bill is in fact not a cross bill, but is really an independent bill, the substituted service upon the attorney is not good. Bowen v. Christian, supra; Rubber Co. v. Goodyear, supra; Railroad Co. v. Bradleys, 10 Wall. 299.

A cross bill can be sustained only on matters growing out of the original bill, and embraced in it. It cannot be used as a means of obtaining relief in respect to a cause of action wholly unconnected with the complainant's cause of action. Neal v. Foster, 34 Fed. Rep. 496; Rubber Co. v. Goodyear, supra; Manufacturing Co. v. Prime, 14 Blatchf. 371; Cross v. De Valle, 1 Wall. 1; 1 Story, Eq. Pl. § 389; Stonemetz Printers' Mach. Co. v. Brown Folding Mach. Co., 46 Fed. Rep. 851.

In this last case the court says:

"A cross bill implies a bill brought by a defendant against the plaintiff in the same suit, touching the matter in question in the original bill. It is brought either to obtain a discovery of facts in aid of the defense to the original bill, or to obtain full and complete relief to all parties as to the matter charged in the original bill. It should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an original, independent suit. The cross bill is auxiliary to the proceeding in the original suit, and a dependency upon it. If its purpose be different from this it is not a cross bill, though it may have a connection with the same general subject. A cross bill must be confined to the subject-matter of the original bill. If it introduce new matter not embraced in the original bill, it becomes itself an original bill."

The purpose of the original bill in this case is to foreclose a mortgage executed by the defendant to the complainant as trustee for the holders of defendant's bonds. The petition in the nature of a cross bill, filed by F. J. Gasquet and others of said bondholders, is chiefly for the purpose of recovering damages of the complainant for alleged negligent or improper execution of the trust, and by which it is claimed petitioners sustained large damages. This petition presented as a cross bill offends against the well-settled rule which forbids the introduction into such a bill of any new and distinct matter not within the scope of the original bill. The matter set up in the cross bill is not necessary as a defense to the original bill, but is indeed matter entirely foreign to the primary object of the bill. My opinion is that it is really an original, independent bill; that the substituted service on it is invalid, and should be set aside, and that the order authorizing such service was improvidently granted, and should be set aside. An order giving leave to serve a cross bill by substitution may be set aside. Bowen v. Christian, supra; Rogers v. Riessner, 31 Fed. Rep. 591.

My opinion, further, is that the service of process on John D. Taggart as president of the Fidelity Trust & Safety Vault Company (complainant) was, under the circumstances shown by the evidence, irregular, and not warranted by law; that the company was not at the time of such service doing business in this state, in contemplation of the laws thereof, and that the service was not a valid service under the laws of the state. The motion to set aside said service is sustained. An order will be entered in accordance with the views herein expressed.