LOMBARD INV. CO. et al. v. SEABOARD MANUF'G CO.

(Circuit Court, S. D. Alabama. March 28, 1896.)

No. 198.

1. EQUITY PRACTICE—INTERVENTION—NOTICE.
 It is not necessary, though it is the better practice, to give notice to the parties to the cause of a petition for leave to intervene in a suit for the foreclosure of a mortgage.

2. SAME—ATTACHING CREDITOR.
 A simple contract creditor of the defendant in a suit for the foreclosure of a mortgage, who has commenced an action at law against such defendant, and attached the equity of redemption in the mortgaged property, cannot be allowed to intervene, and defend the foreclosure suit.

E. L. Russell and Richard P. Deshon, for complainants.
G. L. & H. T. Smith, for petitioner.

TOULMIN, District Judge. This cause came on to be heard, in the matter of the petition of intervention of the People's Bank on motion to vacate the order allowing the intervention, and to strike out the petition on various grounds set out in the motion.

Among other grounds it is contended that the motion should be granted because the petition for leave to intervene was presented and granted without notice to the complainants in the cause, or, in other words, because the hearing of the petition was ex parte. There is no fixed or general rule in this court that requires notice of a petition or motion of this character. On the contrary, I believe the practice has been to allow parties to intervene without any special notice of the application therefor; other parties to the cause having always the right to object to the intervention, and to move the court to vacate the order allowing it. I am, however, inclined to the opinion that the better practice would be to require notice of the intended application. It would be more satisfactory, at least, in most cases. I overrule the motion on the ground of want of notice.

But I sustain the motion on the ground that the petitioner is

not shown by the petition to be entitled to intervene as prayed for. It appears that the petitioner, the People's Bank, is a simple contract creditor of the defendant, the Seaboard Manufacturing Company, and that on the 5th day of December, 1895, it sued out an attachment against said company for the collection of its debt. The petition shows that the attachment was levied on a portion of the lands described in the mortgage which is sought to be foreclosed in this suit. The petitioner avers that it is interested in said lands, but shows no other interest than that it is an attaching creditor. It asks to be allowed to intervene to defend the suit. It is apparent from the record in this case that what the petitioner levied on was merely an equity of redemption in the lands. Nothing remained in the mortgagor, the Seaboard Manufacturing Company, at the time of the levy, but the equity of redemption. The attachment was a legal proceeding, operating only on the right of the defendant in attachment to that equity of redemption. It gave the attaching creditor no right to the lands in question, no lien on them, and no equity in them; and the petition shows no right nor claim to the lands, and no equitable lien on them. It shows a legal demand against the defendant company for the enforcement of which it has an adequate and complete remedy at law, and that it is seeking to enforce that demand in a court of law by a legal proceeding, which operates only on the rights of the defendant in the proceeding. The right of the defendant, so far as the lands involved in this suit are concerned, is but an equity of redemption, which this suit, as it now appears, does not seek to defeat. But, if it did, the petitioner is represented by the defendant, the Seaboard Manufacturing Company, the party under which both it and the complainant claim.

A simple contract creditor may intervene in a foreclosure suit if he has any equities in respect to the property, whether prior or subsequent to those of the complainant, and can secure their determination and protection. Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127. But we have seen that the petitioner shows no such equities. Besides, the petitioner does not ask to be allowed to intervene to secure the determination or protection of any equities in the property that it may have, but it asks to be allowed to intervene that it may defend against this suit of foreclosure.

The general rule is that a person not a party to a suit cannot appear in it, and be admitted to defend against it, except on the ground that he has an interest in the results of the litigation of a direct and immediate character. Smith v. Gale, 144 U. S. 519, 12 Sup. Ct. 674. And then it is said to be an extreme remedy, to be admitted by the court with hesitation and caution. And the rule is that strangers to a cause—that is, third persons—cannot be heard therein, either by petition or motion, except in certain cases; as, for instance, when they belong to a class represented in the case, or on whose behalf a suit is brought, and are regarded as quasi parties. They may have a standing in court, and be heard for the purpose of protecting their interest. Fidelity Trust & Safety Vault Co. v. Mobile St. Ry. Co., 53 Fed. 850; Searles v. Railroad Co., 2 Woods, 625, Fed. Cas. No. 12,586. And when they are

creditors, who' are allowed to prove their debts against an estate being administered by the court, they may contest the validity of claims of other creditors, but all in subordination to the general object and purpose of the suit. Rival creditors may contest the validity of their claims and the priority of their respective liens, but, as I have said, in subordination to the general object and purpose of the suit in which they are allowed to intervene, and not to defeat that object and purpose, or to interpose obstacles to the progress of the suit. Forbes v. Railroad Co., 2 Woods, 334, Fed. Cas. No. 4,926. So far as the petition shows, the intervenor does not belong to that class on whose behalf this suit is brought, is not a creditor asking to be allowed to prove his debt here, and it does not appear that it has a direct and immediate interest in the results of this suit,—such an interest as the decree in this cause would directly and legally operate on and effect. On an examination of the authorities, and after due consideration, I think I ought not to have allowed the intervention in this case, and ought now to vacate the order for such allowance; and it is so ordered.