GEORGE D. BALDWIN v. THE WOODBRIDGE & TURNER
ENGINEERING COMPANY.

1. The defendant in a suit by attachment against a non-resident or
   absconding debtor, it being a proceeding *in rem*, and inoperative be-
   yond the bounds to which it is made a lien by the statute which
   authorizes the action, is not bound to enter any appearance or file a
   set-off if he has any claims, debts or demands against the plaintiff in
   such action. The defendant in such a case, even if he has knowledge
   or notice of the attachment, can, at his own election, appear and file
   his set-off, or bring his action thereon afterwards, to which action the
   judgment recovered in the proceedings in attachment cannot be
   pleaded in bar.
2. A replication to such a plea is not a plea of *nul tiel record*, but a plea
   setting out the character of the record, which, under the law, presents
   no defence to the action.
3. None of the provisions of the act entitled "An act concerning set-
   off" (*Gen. Stat.*, p. 3109), can have any application to the proceed-
   ings in attachment against non-resident or absconding debtors unless
   the defendant chooses to enter his appearance therein.

On demurrer to replication.

Argued at June Term, 1896, before BEASLEY, CHIEF
JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff, *John H. White.*

For the defendant, *Cortlandt Parker, Jr.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The action in this case is for work, labor
and materials furnished by the plaintiff to the defendant, the
Woodbridge & Turner Engineering Company, in the con-
struction of the Tonawanda Electric Railroad Company's
railway from Buffalo to the village of Tonawanda. The
declaration sets out the contracts under which the work, labor
and materials were furnished, and has annexed a bill of par-
ticulars.

The defendant pleads, first, the general issue; second, in bar of the action, the recovery by the defendant against the plaintiff of a judgment in a certain suit in the Circuit Court of the county of Passaic, arising out of the very same contracts, agreements and undertakings in the declaration mentioned, which judgment still remains in full force and effect; thirdly, the recovery of a like judgment in favor of the defendants against the plaintiff in said Circuit Court, and that if any such debts or demands as annexed to the plaintiff's declaration were owing and due, they were due and owing before the commencement of the action in which the said judgment was obtained, and that the said plaintiff failed to set off such debts and demands, and that therefore, by force of the statute entitled "An act concerning set-off," approved March 27th, 1874 (*Gen. Stat., p.* 3109), the plaintiff is precluded from bringing any action for said alleged debts or demands in his declaration mentioned.

To the second and third pleas the plaintiff replies that the judgment of record mentioned therein, which is the same in both, in the Circuit Court of Passaic county, was recovered in an action *in rem*, to wit, an attachment, in which action the plaintiff never received any summons or notice before judg-ment was entered against him, and never entered an appearance, and that therefore the defendant ought not to be admitted or received to plead as secondly and thirdly pleaded. To this replication the defendant files his demurrer.

This demurrer must be overruled.

The only question is whether the plaintiff is barred by the record of the judgment in the suit in attachment set up in the pleas.

A judgment in attachment against a foreign or absconding debtor can have no other or further effect than to subject to lien the property upon which the attachment is executed, or upon such property as the statute directs a lien shall be created during the continuance of the proceedings. The proceedings are not of a common law nature, but a special remedy given against the rights, credits and effects of the

debtor. They are not such records as against which nothing can be averred, and the original debt upon which they are founded can at all times in any other action be denied or traversed. *Curtis* v. *Gibbs*, 1 *Pen.* 399, 406.

If no property be inventoried or appraised, no judgment in attachment can be rendered. The proceeding is *in rem* and operates only upon the property attached. *Neal* v. *Cook*, 5 *Halst.* 337; *Welsh* v. *Blackwell*, 2 *Gr.* 344; *Thompson* v. *Eastburn*, 1 *Harr.* 100; *Tomlinson* v. *Stiles*, 4 *Dutcher* 201; *S. C.*, 5 *Id.* 426. The writ now, by statute, is a lien upon all the lands of the defendant, although the officer to whom the writ is directed neglects or refuses to attach the same (*Gen. Stat.*, *p.* 101, § 19), but it is not a personal action and its force and effect is limited by the statute.

In *Miller* v. *Dungan*, 7 *Vroom* 21, it was established that a judgment obtained in a proceeding by attachment against a non-resident debtor, who does not appear to such action, will not form the foundation for an action. The proceeding is *in rem* and can have no effect, except with respect to the property which, by the statute, is subjected to its lien. In Miller v. Dungan, the Chief Justice says: "The contention that the judgment is to have the force of one against the person, is not consistent with common justice or with the several provisions of the statute in its general spirit."

Except with respect to the property attached, the proceeding has no effect. No action can be brought on the judgment recovered, and in an action on the original demand a judgment in attachment is not competent as "*prima facie* evidence of indebtedness." *Schenck* v. *Griffin*, 9 *Vroom* 462; *Rubber Company* v. *Goodyear*, 9 *Wall.* 807, 810. The defendant has his election to appear to the suit in attachment or bring his action afterwards. *Schenck* v. *Griffin*, *supra*. From these authorities it is clear, upon principle, that the judgment in attachment is entirely inoperative beyond the bounds to which it is made a lien by the statute which authorizes the action.

None of the provisions of the act entitled "An act concerning set-off" (*Gen. Stat.*, *p.* 3109), can have any application

to the action *in rem* under the Attachment act. The provision of the former allowing set-off applies only to persons having actions *in personam* against each other, and not to such actions as are commenced without personal process or in which the defendant does not enter an appearance.

An objection is made to the replication that it is only a plea of *nul tiel record,* but it cannot have any force whatever, for it was certainly the right of the plaintiff to reply to these pleas setting up the special character of the record, in order to show that it could have no such force under the statutes as was claimed by the defendant. In an action of debt upon a foreign judgment, the plea that no process of the court in which the judgment was obtained or other legal notice of the pendency of the action was ever served upon the defendant, and that the defendant never appeared or made defence, and that by reason of this the court never obtained jurisdiction to render the judgment, was a well-established procedure.

The demurrer must be overruled, with costs.