### GILMORE et al. v. BORT et al.

(Circuit Court, N. D. Iowa, W. D. February 11, 1905.)

No. 236.

1. EQUITY—VOLUNTARY DISMISSAL—RIGHT OF COMPLAINANT.

A complainant has the right at any time before the final hearing, on payment of costs, to dismiss his bill without prejudice, subject to the exception that, where such dismissal would be manifestly prejudicial to the defendant, it will not be permitted; but, to constitute prejudice which will authorize the court in its discretion to deny complainant's right to dismiss, the cause must have progressed so far that defendant, upon answer or cross-bill, is entitled to a decree, or the injury or prejudice to him because of a dismissal is of a character that deprives him of some substantial rights concerning the matter of the original bill which will not be available to him in a second suit, and the mere fact that he may be subjected to a second suit is not sufficient.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 749–756.]

2. SAME—CROSS-BILL—NATURE AND OFFICE.

A cross-bill is auxiliary to the original suit and a dependency upon it, and it cannot introduce new controversies between the defendants to the original bill, the decision of which is in no way necessary to a complete determination of the controversy between complainant and the defendants over the subject-matter of the original bill. If it does, it is not a cross-bill, but an original bill, and should be dismissed.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 446, 447.]

3. SAME—RIGHT OF CROSS-COMPLAINANT TO OBJECT TO DISMISSAL.

In a suit for the cancellation of a bond given by complainants to indemnify defendants, who were a corporation and its treasurer, against loss by reason of a deposit of moneys of the corporation by the treasurer in a certain bank, on the ground that it was obtained through the fraud of the corporation, defendant treasurer filed a cross-bill against com-

plainants and his codefendant, alleging the validity of the bond and asking a recovery thereon, also alleging that if it was invalid because of fraud of the company he had no knowledge of it, and praying that in such case he be released from liability on his own official bond given to the company for a loss arising from his having deposited its money in such bank. *Held*, that such pleading did not entitle him to object to the dismissal of the suit by complainants before any evidence had been taken, being in no true sense a cross-bill, since the matters alleged against complainants were either available in defense to the original bill or cognizable at law, and those alleged as ground for relief against his codefendant were not germane to the matters alleged in the original bill, but set up a cause of action which had not accrued and in which complainants had no interest.

In Equity. On motion by complainants for leave to dismiss the bill and objections thereto of A. N. Bort, cross-complainant.

W. E. Johnston and Hubbard & Burgess, for complainant.

Wright & Call, for cross-complainant Bort.

REED, District Judge. This suit was commenced in the district court of Iowa in and for Ida county March 22, 1904, to set aside and cancel a certain bond signed by complainants as sureties for E. H. McCutcheon & Co., bankers, as principals, in the penal sum of $200,000, to secure the payment by said McCutcheon & Co. to the Modern Woodmen of America, a corporation organized under the laws of Illinois, as a fraternal beneficiary society, and A. N. Bort, as its head banker, for all moneys that might be deposited by said Modern Woodmen of America, or A. N. Bort, as its head banker, with said McCutcheon & Co., while said bond was in force. The grounds upon which complainants seek to have such bond canceled and set aside are that they were induced to sign the same by the fraudulent conduct of the Modern Woodmen of America, for whose benefit it is alleged the said bond was in fact made. The defendants removed the suit to this court upon the grounds of the diverse citizenship of the parties, and in this court filed answers to the bill of complaint, denying the allegations of fraud charged therein, averring the validity of such bond, and praying the dismissal of the bill.

The defendant Bort on August 20, 1904, filed a cross-bill against the complainants and his codefendant, the Modern Woodmen of America, and two amendments thereto, the last on October 4, 1904, in which he alleges the execution of the bond, alleged by complainants to have been fraudulently procured from them, as sureties for said E. H. McCutcheon & Co., to him and the Modern Woodmen of America; that he, as the head banker of said Modern Woodmen of America, is the legal custodian of the moneys belonging to said association, and that as such banker he has executed a bond to the Modern Woodmen of America to indemnify it against any loss it may sustain by reason of moneys coming into his custody as such head banker and not accounted for by him; that as such head banker he did in the month of July, 1903, deposit with said E. H. McCutcheon & Co. the sum of $100,000, the repayment of which was secured by the bond so signed by the complainants as sureties; that the said McCutcheon & Co. are insolvent, and they and complainants have failed to repay or to account to him or to the Modern Woodmen of America for the money so deposited with

said McCutcheon & Co., though due demand has been made upon them to do so; that until the filing of the bill of complaint in this case he had no knowledge or notice that the complainants or either of them were induced to sign the said bond through any fraud or misrepresentations, or that it had been wrongfully or improperly procured from them by the said Modern Woodmen of America. He asks judgment against the complainants, as sureties upon said bond of E. H. McCutcheon & Co., in the sum of $100,000 and interest thereon, and that if, through any fault not his own, the right to recover on said bond has been impaired or lost, his own liability upon his bond to his codefendant, the Modern Woodmen of America, be construed and determined, and that he be absolved from all liability thereon to the Modern Woodmen of America to the extent of such loss.

To this cross-bill the Modern Woodmen of America on October 4th voluntarily appeared and filed an answer, denying the allegations of fraud in procuring the complainants to sign the bond of E. H. Mc-Cutcheon & Co., and averring the validity of such bond and also of the bond of the cross-complainant to it as its head banker. No subpœna has been served upon the complainants as defendants in said cross-bill, and they have not appeared to nor answered said cross-bill, and no evidence has been taken or other proceedings had upon the original bill or the cross-bill.

In this state of the record the complainants on October 4, 1904, moved the court for leave to dismiss their original bill as of course, without prejudice; also upon the ground that their remedy at law is complete, and that this court as a court of equity is without jurisdiction of the subject-matter of the bill. A. N. Bort opposes this motion upon the ground that, if granted, his cross-bill might fall with the original bill, and, if complainants in some other action or suit should escape liability upon their bond because of the fraud of the Modern Woodmen of America in procuring the same, the cross-complainant might be driven to defend an action by the Modern Woodmen of America upon his bond to that society in this or some other jurisdiction.

Whether or not the complainant's remedy for the matters alleged in the bill is complete at law, and not of equitable cognizance, it is not necessary to determine, for the general rule is that the complainant in an original bill has the right at any time before the final hearing, upon payment of costs, to dismiss his bill without prejudice. This rule, however, is subject to the exception that, where such dismissal would be manifestly prejudicial to the defendant, it will not be permitted. The prejudice, however, to the defendant, that will authorize the denial of the complainant's motion to dismiss his bill, must be some plain, legal prejudice, other than a mere prospect of future litigation rendered possible by the dismissal of the bill. Railway Co. v. Rolling Mill Co., 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081; Pullman Palace Car Co. v. Central Transportation Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108; Stevens v. Railroad (C. C.) 4 Fed. 97; City of Detroit v. Railway Co. (C. C.) 55 Fed. 569. In the last-named case the rule and the exceptions thereto are stated as follows:

"The general rule is, as contended for, that the plaintiff at any time before decree, perhaps before the hearing, may dismiss his bill as of course upon the

payment of costs; but certainly it cannot be said that the rule is without exception. The exception, stated in general terms, is that it is within the discretion of the court to refuse him permission to do so if the dismissal would work a prejudice to the other parties; and I gather from the cases, compared with each other, that it is not regarded as such prejudice to a defendant that the complainant, dismissing his own bill, may at his pleasure harass him by filing another bill for the same matter. But whenever, in the progress of a cause, a defendant entitles himself to a decree, either against the complainant or against a codefendant, and the dismissal would put him to the expense and trouble of bringing a new suit and making his proofs, anew, such dismissal will not be permitted"—citing Bank v. Rose (S. C.) 1 Rich. Eq. 294.

And it is said that if a case does not come within the exception the court is without discretion to deny the motion to dismiss the bill.

The purpose of a cross-bill is either (1) to obtain a discovery in aid of a defense to the original bill, or (2) to obtain full relief to all the parties touching the matters of the original bill. Story's Eq. Pl. par. 389. And it must be made to appear that a settlement of the controversy presented by the cross-bill is fairly necessary in order to enable the court to fully dispose of the matter of the original bill. It is auxiliary to the original suit, and a dependency upon it, and should not introduce any new or distinct matter not embraced in the original bill. Neither may it introduce new controversies between the codefendants to the original bill, the decision of which is in no way necessary to a complete determination of the controversy between the complainant and the defendants over the subject-matter of the original bill. If it does, it is not a cross-bill, but an original bill, and should be dismissed. Cross v. De Valle, 1 Wall. 5, 17 L. Ed. 515; Rubber Co. v. Goodyear, 9 Wall. 807, 19 L. Ed. 587; Stuart v. Hayden, 72 Fed. 402, 18 C. C. A. 618.

Tested by these rules, what is the nature of the pleading filed by the defendant Bort as a cross-bill? In so far as it denies knowledge of the fraud alleged in the original bill in procuring the bond which the complainants seek to have canceled, and avers (by implication at least) the validity of that bond, it is purely defensive to the matters charged in the original bill, and every fact alleged may be shown in defense of that bill. In so far as it asks for judgment against the complainants upon that bond for the amount deposited with McCutcheon & Co., it is purely a legal demand, and entirely within the competence of a court of law. Story's Eq. Pl. (8th Ed.) par. 398. In so far as it seeks to obtain relief from his own bond to the Modern Woodmen of America, in the event that complainants should escape liability upon their bond (conceding, without deciding, that this is of equitable cognizance), it introduces new matter in no way germane to the matters alleged in the original bill, and wholly unnecessary to enable the court to fully determine the controversy between the complainants and the defendants to the original bill; and the complainants are not necessary, or even proper, parties to such controversy between the cross-complainant and the Modern Woodmen of America, have no interest therein, and it is not properly a cross-bill, but an original bill.

As before stated, no evidence has been taken and no proceedings had which would in any manner affect or prejudice the rights of either the defendants or the cross-complainant, if the original bill should be

dismissed, save that they might be subject to future litigation in regard to the same matter. Whenever the complainant has been denied leave to dismiss his bill, it appears that the suit has progressed so far that the defendant, upon answer or cross-bill, is either entitled to a decree, or the injury or prejudice to him because of the dismissal is of a character that deprives him of some substantial rights concerning the matter of the original bill which would not be available to him in a second suit; and it is uniformly held that mere liability to or the inconvenience of future litigation against him regarding the subject-matter of the suit is not of that character. Pullman Palace Car Co. v. Central Transportation Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108; Stevens v. Railroad (C. C.) 4 Fed. 97. Electrical Co. v. Brush Co. (C. C.) 44 Fed. 602; Detroit v. Detroit City Ry. Co. (C. C.) 55 Fed. 579.

The general rule is that the dismissal of the original bill before the final hearing carries with it the cross-bill, in so far as that bill alleges matters that are defensive to the original bill. Railway Co. v. Rolling Mill Co., 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081; Lowenstein v. Gildewell, 5 Dill. 325, Fed. Cas. No. 8,575; 1 Bates Fed. Eq. par. 386; 2 Daniell, Ch. Pr. (5th Ed.) p. 1553, note 3. As the possible future controversy between the cross-complainant and the Modern Woodmen of America cannot properly be introduced into this suit by a cross-bill, that should be dismissed for this reason alone. Cross v. De Valle, 1 Wall. 5, 17 L. Ed. 515; Rubber Co. v. Goodyear, 9 Wall. 807, 19 L. Ed. 587; Dows v. City of Chicago, 11 Wall. 108, 112, 20 L. Ed. 65; Stuart v. Hayden, 72 Fed. 402, 18 C. C. A. 618.

In Dows v. City of Chicago, above, it is said, at page 112, 11 Wall., 20 L. Ed. 65:

"The cross-bill filed by the bank presents different features. That institution insists that if it paid the tax levied upon the shares of all its numerous stockholders out of the dividends upon their shares in its hands, which it is required to do by the law of the state, or if the shares were sold, it would be subjected to a multiplicity of suits by the shareholders; and were it an original bill the jurisdiction of the court might be sustained on that ground, but as a cross-bill it must follow the fate of the original bill."

It seems plain that the injury or prejudice to a defendant or cross-complainant that will deny to the complainant his right to a dismissal of the bill cannot be predicated of the present suit. In fact, the alleged cause of action in favor of the cross-complainant, Bort, against the Modern Woodmen of America, will not accrue until complainants have been adjudged not liable upon their bond, because of the alleged fraudulent or wrongful conduct of the Modern Woodmen of America in procuring the same. Should the bill be dismissed, complainants stand prima facie liable upon their bond. If the Modern Woodmen of America should attempt to enforce it by legal proceedings, and are defeated because of its wrongful act in procuring it, then, and only then, would the alleged cause of action of the cross-complainant against the Modern Woodmen of America have accrued; and he could then defend an action or suit, if one were brought against him by the Modern Woodmen of America, upon his own bond to it, or bring an action at law or suit in equity against that association, according as his rights against it might be of legal or equitable cognizance; and in no way can the dis-

missal of this suit prejudice him in the defense of such an action or in the prosecution of such a suit. The case does not, therefore, seem to be within any of the exceptions to the general rule that will warrant the court in denying to complainants the right to dismiss their bill.

The motion of complainants for leave to dismiss their bill is therefore granted, and the bill and cross-bill will both be dismissed, without prejudice, upon payment of costs by complainants.

It is so ordered.