LOVELL v. LATHAM & CO. et al.

(Circuit Court, S. D. Alabama. March 21, 1911.)

No. 279.

**1. EQUITY (§ 195*)—CROSS-BILL—SUBJECT-MATTER.**

A cross-bill is merely auxiliary to and a part of the original suit, so that its subject-matter must be essentially connected with that of the original bill.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 446–449; Dec. Dig. § 195.*]

**2. BANKRUPTCY (§ 142*)—SUIT BY TRUSTEE—RECOVERY OF PREFERENCE—ADMINISTRATION OF FUND.**

Where a suit in equity is instituted by a trustee in bankruptcy to recover property or a fund claimed to have been preferentially transferred to the defendants by the bankrupts in payment of an alleged indebtedness, the fund, if recovered, must be turned over to the bankruptcy court and administered by it as a part of the bankrupts' estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 222; Dec. Dig. § 142.*]

**3. BANKRUPTCY (§ 302*)—CROSS-BILL—SUBJECT-MATTER.**

Where a suit in equity was instituted by a bankrupts' trustee to avoid an alleged preferential transfer, and to recover a fund to be administered by the bankruptcy court, one claiming a lien on the fund if recovered could not intervene and enforce such lien by cross-bill, under the rule that the subject-matter of a cross-bill must be a defense to the original bill or essentially connected with and necessary to a complete determination of the original suit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*]

In Equity. Suit by Wm. S. Lovell, as trustee in bankruptcy of Knight, Yancey & Co., against Latham & Co. and others, in which Knauth, Nachod & Kuhne filed a cross-bill. On motion to strike cross-bill. Granted.

Percy, Benners & Burr and Rich & Hamilton, for complainant.

Briesen & Knauth and Stevens & Lyons, for cross-complainants.

TOULMIN, District Judge. A cross-bill is generally considered as a defense to the original bill, or as a proceeding necessary to a complete determination of a matter already in litigation. Story's Equity Pldg. § 399. "A bill of this kind is usually brought, either (1) to obtain a necessary discovery of facts in aid of the defense to the original bill, or (2) to obtain full relief to all parties touching the matters of the original bill." Story's Equity Pldg. § 389. New and distinct matters are introduced by the cross-bill in this case which are not embraced in the original. The subject of the original and cross-bill is not the same.

[1] A cross-bill is merely auxiliary to, a dependency upon, and a part of, the original suit. Its subject-matter must be essentially connected with that of the original bill, and not extraneous thereto. Springfield Milling Co. v. Barnard et al., 81 Fed. 261, 26 C. C. A. 389; Bates' Fed. Prac. § 386. The court in that case said:

"The office of a cross-bill is either to warrant the grant of affirmative relief to the defendant in the original suit, to obtain a discovery in aid of the de-

fense in that suit, to enable the defendant to interpose a more complete defense than that which he could present by answer, or to obtain full relief to all parties, and a complete determination of all controversies which arise out of the matters charged in the original bill. * * * The issues raised by the cross-bill must be so closely connected with the cause of action in the original suit that the cross-suit is a mere auxiliary or dependency upon the original suit."

As I understand the cross-bill in this case, it seeks an accounting with Knight-Yancey & Co., the bankrupts, and claims that on such sum as may be recovered in this suit the complainants in said cross-bill have a lien, and that the same should be so decreed by this court. In my opinion said cross-bill cannot be considered as a defense to the original bill, or as a proceeding necessary to a complete determination of the matter in litigation in the original bill. It is not auxiliary to or a dependency upon this suit, and not essentially connected with the original bill therein. Springfield Milling Co. v. Barnard et al., 81 Fed. 261, 26 C. C. A. 389; Fidelity Trust & Safety Vault Co. v. Mobile St. Ry. Co. (C. C.) 53 Fed. 850; Stonemetz Printers' Machinery Co. v. Brown Folding Machine Co. (C. C.) 46 Fed. 851.

[2] This suit is one in which the trustee in bankruptcy, representing all the creditors of the bankrupt's estate, seeks to recover property or a fund which it is claimed was preferentially transferred to the defendants, Latham & Co., by the bankrupts, Knight-Yancey & Co., in payment of an alleged indebtedness to said Latham & Co. The fund, if recovered, is not to be administered in this court, but in the bankrupt court.

[3] This suit is in the name of the trustee in bankruptcy, and he seeks to avoid the alleged preferential transfer, and to recover the said fund to be administered by the bankrupt court. If recovered in this court, it is to be turned over to that court as a part of the bankrupt estate. That court, being then in the actual possession of the fund for administration, will draw to it the right to decide upon conflicting claims thereto. If the alleged preferential transfer is avoided, and the trustee recovers the fund sued for, it then becomes a part of the assets of the bankrupt estate in the possession of and in the course of administration by the bankrupt court. All persons entitled to participate in said assets or claiming a lien thereon may come into that court, and under the jurisdiction acquired by the proceeding in bankruptcy have their rights adjudicated.

The motion to dismiss the said cross-bill is granted; and it is hereby ordered that said cross-bill be, and the same is hereby, stricken out.