YOUNG (CLAPP v.). See Case No. 2,786.

---

## Case No. 18,155.

YOUNG et al. v. COLT.

[2 Blatchf. 373.] [1]

Circuit Court. S. D. New York. May 14, 1852.

INFRINGEMENT OF PATENT—CROSS BILL FOR DISCOVERY.

1. A defendant in a suit in equity founded on the infringement of a patent, can not, by a cross-bill which sets up no color of title in himself, demand a discovery from the plaintiff in the original suit as to the source or validity of his title.

[Cited in Stonemetz Printers' Machinery Co. v. Brown Folding-Mach. Co., 46 Fed. 852.]

2. It is essential to a bill of discovery that it should set forth a title sufficient to support or defend a suit, and pray a discovery pertinent to that title and nothing beyond. And, where it cannot be sustained as a bill for discovery, it cannot be retained for the purpose of relief, unless it makes a case for relief independently of the discovery sought.

[Cited in Home Ins. Co. v. Stanchfield, Case No. 6,660.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[Suit by Hiram Young and Edward Leavitt against Samuel Colt. Heard on demurrer to a cross-bill.]

Seth P. Staples and Robert Emmet, for plaintiffs.

Edward N. Dickerson, for defendant.

BETTS, District Judge. The specific points presented for adjudication in this case arise on a demurrer to a cross-bill filed by the plaintiffs, but the discussion has also involved an examination of the original bill and answer, and it has thus become necessary to advert to the case made by the entire pleadings. The original bill was filed November 19, 1851, by Colt, as patentee, for an injunction and other relief against Young and Leavitt, for alleged violations of his patent-right. It avers that the patentee, before the 25th of February, 1836, invented a new and useful improvement in fire-arms, and that, on that day, letters patent were duly issued to him for his invention, and that he was the first and original inventor thereof. On the 28th of October, 1848, he surrendered the patent to the commissioner of patents, because of a defective claim or description of his invention in the specification, and a re-issue of the patent was made the same day, for the complement of the original term of fourteen years. Previous to the expiration of that term, the patentee applied for and obtained, on the 10th of March, 1849, from the commissioner of patents, an extension of the patent for seven years beyond the period of its expiration, and the order for extension was duly endorsed on the patent. The bill charges that the defendants have infringed and violated the patent-right since such extension, and continue to infringe and violate it.

On the 26th of December, 1851, the defendants filed their answer to the bill, denying that the patentee was the first and original inventor of the improvement, and that the patent was legally re-issued and extended, and that the patentee has any interest in the patent, and averring that he had sold and assigned his entire title and interest therein to the Massachusetts Arms Company.

On the same day, the defendants in the original bill filed a cross-bill against the patentee, for discovery and relief. That bill seeks from the patentee a discovery of the time and place when and where he made his discovery and first manufactured any fire-arm under the patent, and whether he sued any person, during the first term of his patent, for infringing it, or made any claim against any one therefor. It also demands a discovery of the proceedings had in the patent office in obtaining an extension of the patent, and whether the application was submitted to the secretary of war for his opinion thereon; and also a discovery of the proceedings before the commissioner of patents subsequently to the act of May 27, 1848 [9 Stat. 231], and whether notice of application for the extension was published, or was given by the patentee to any person. The bill further prays that, when the discovery shall be made, the court may decree the order extending the patent to be inoperative and void, and that the patent expired on the 25th of February, 1850, and also grant a perpetual injunction restraining the patentee from commencing any action at law or in equity for any infringement of the patent since the 25th of February, 1850; and that the court may declare the patent to be void, and may order it to be delivered up to be cancelled. A prayer for general relief is also appended.

The defendant files a general demurrer to this bill.

Upon the averments of the original bill, the plaintiff therein has clearly a prima-facie title to the thing patented, and the legal presumption in his favor is, that he had complied with all the requirements of law which are necessary to render his title complete. Phil. Pat. 407; Webst. Pat. Cas. 129; Cur. Pat. §§ 30, 39; Philadelphia & T. R. Co. v. Stimpson, 14 Pet. [39 U. S.] 448.

The answer of the defendants to the original bill denies that the patentee is the first inventor or has acquired a valid patent. This answer will enable them to disprove any title or right of the plaintiff under the grant, or compel him to support it by evidence aliunde the patent. The scope and design of the cross-bill is to make that defence by means of evidence extracted from the patentee, and the demurrer interposed to that bill raises the question, whether the defendants in the original suit have a legal right to demand disclosures from the patentee which might show that he had no valid title to his patent.

It is to be remarked, that the defendants in the original suit do not take their defence in their answer, or file their cross-bill, under any color of title. They neither claim to be prior inventors or to hold by assignment the elder right of any other person. If not naked intruders or trespassers upon the possession of the patentee, they stand upon no higher ground than the allegation that the grant of the government to him is void, and they present this bill to support that assertion. This is engrafting a novel function upon the office of a cross-bill.

The broad principle upon which a cross-bill is allowed is, that equity should give suitors a common advantage in its processes. As it compels a defendant to make disclosures and discoveries under oath, to aid an action against him, so should it secure mutuality in this privilege, by allowing a defendant to become a plaintiff and compel his adversary, in particular cases, to make disclosures and discoveries of matters within his knowledge that are serviceable to the defence. The parties, to that end, alternate places, in order that each may have the same use of the powers of the court for the same object. A cross-bill,

as its name imports, goes no further than to give the party filing it the reciprocal right enjoyed by the complainant in the original bill, in respect to their mutual title or interest in the subject-matter of the suit. Story, Eq. Pl. §§ 389, 390.

The English and American authorities are clear and nearly invariable in respect to the legitimate office of a bill of discovery. It is essential to a valid bill of discovery that it set forth a title in the party which is sufficient to support or defend a suit, and that it pray a discovery pertinent to that title and nothing beyond. Story, Eq. Pl. §§ 317–320; 2 Story, Eq. Jur. § 1490; Wig. Dis. 15; Phillips v. Prevost, 4 Johns. Ch. 205; Van Kleeck v. Reformed Dutch Church, 6 Paige, 600; s. c., in error, 20 Wend. 457. I find but one case (Adams v. Porter, 1 Cush. 170) in which a disposition is indicated to extend to a plaintiff in a cross-bill a wider privilege. That case might seem to authorize such plaintiff to place, in effect, the defendant on the stand, and examine him as to all matters applicable to the defence. But the same court, in a subsequent case (Haskell v. Haskell, 3 Cush. 540), concedes that the general principles of equity law would not favor such a rule, if it is declared in that decision.

Considering the cross-bill in this case as a bill of discovery, the defect is vital to it, that it rests on no title in the parties filing it, either in common with or hostile to the patentee. It is contrary to all principles of equity pleading, to permit a party who has no right himself to a subject-matter in dispute, to subject the one who shows a prima-facie title to it to interrogatories as to the source or validity of that title. Bills framed on that ground are always rejected as fishing, or as attempts to pry into an adversary's title, and as transcending the privilege granted to a suitor to draw from his adversary facts tending to support his own title. It is sufficient to refer to the elementary books, in which this doctrine is stated and amply supported by authority. Har. Ch. Prac. 115; Mitf. Eq. Pl. 180, 190; Coop. Eq. Pl. 58; Wig. Disc. 90, 93, 99; Hare, Disc. 196, 197; Story, Eq. Pl. §§ 324, 571; 2 Story, Eq. Jur. § 1490; Macn. Sel. Cas. 10; 58 Law Lib. 24. An article in 13 London Jurist, 52, gives a learned and able exposition of the late English cases on the subject.

As the defence which the cross-bill is designed to maintain has relation to the weakness of the plaintiff's title, and not at all to any title set up on the part of the defendants, it cannot be sustained as a bill of discovery. But it is contended that, as the bill prays relief as well as discovery, it will be retained for the purpose of relief, although the dis-covery be denied. This may undoubtedly be so in cases where the bill makes a case for relief independently of the discovery sought for. But, in the present case, the relief asked is to be a consequence of the discovery. The specific relief prayed for is a perpetual injunction against the patentee and his assigns from bringing any suits in equity or at law for infringements of the patent, and a decree declaring the patent void and that it be delivered up to be cancelled. An injunction against the patentee is also prayed, restraining him from continuing suits he has already commenced in the District of Columbia, against the defendants, for violating the patent. General relief is also prayed, but the counsel for the defendants admitted on the argument that they could point out no other relief appropriate to their case than what the bill specifies.

Without discussing the question of the competency of the court to give the description of relief sought for by the bill, in protection of a party who shows a title to the patent-right in himself, I think that the principle upon which the first point is decided must also govern these demands in the cross-bill, and that, as the plaintiffs therein do not set up any color of right or title in themselves to the patented invention, and seek to defend themselves against the action of the patentee for infringement of his patent, only by evidence to be extracted from him showing the weakness of his title, they are not entitled to any injunction or interference of the court in their behalf, the supposed evidence to support that claim being denied them by the court. Their equity upon their bill is, that the patentee will discover, in his answer to the bill, that he has no valid patent, and that that evidence, when given, will entitle them to be relieved of all suits and prosecutions in his behalf. The court having denied their right to the evidence, the supposed equity to flow from it has no legal existence and affords no cause for upholding the bill.

The other claim, that this court shall enjoin the patentee from bringing actions against any parties whomsoever, and direct the patent to be cancelled, does not seem to be a ground of equity upon which the plaintiffs in the cross-bill can demand the interposition of the court. They have no authority to bring the bill for any other matter than what is connected with their individual rights and interests.

The demurrer must be allowed, with costs.

[For other cases involving this patent, see Cases Nos. 3,030 and 3,032.]