STONEMETZ PRINTERS' MACHINERY CO. *v.* BROWN FOLDING-MACH. CO.

(*Circuit Court, W. D. Pennsylvania. July 17, 1891.*)

1. PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—CROSS-BILL.
    In a suit for relief on account of interference and infringement, a cross-bill seeking relief for an alleged infringement of defendant's patent by the complainant cannot be filed, not being germane to the original suit.
2. EQUITY PRACTICE—CROSS-BILL.
    The fact that a complainant is beyond the jurisdiction of the court, so that the defendant cannot sue him in that forum in an original action, does not enlarge defendant's right to file a cross-bill in the suit brought by complainant.

In Equity. For former report, see 46 Fed. Rep. 72.
*John K. Hallock,* for cross-bill.
*John C. Sturgeon, contra.*

REED, J. The bill in this case alleged interference, and prayed relief under section 4918. It also alleged infringement by defendant, and prayed relief upon that ground as well. A demurrer was filed to the bill because, as claimed by the defendant, there was a misjoinder of causes of action, which, following the decisions of other circuit courts, this court overruled. The defendant then filed its answer, and subsequently filed a cross-bill, alleging infringement by the plaintiff of defendant's patents, and praying for appropriate relief. By arrangement between counsel, the cross-bill was permitted to be filed, and a motion immediately made by plaintiff to strike it from the record, so that the practical effect is to bring the matter before the court, as though upon a motion to file the cross-bill. Plaintiff's contention is substantially set

forth in its second reason filed with its motion, namely, that the only material matter set forth and alleged in the cross-bill is foreign to the issue involved in this case, and not cognizable therein.    As the decision upon the demurrer to the bill in favor of the plaintiff's right to join the two causes of action has opened for him a wide field, my inclination has been, if possible, under the rules relating to cross-bills, to insure to the defendant the same liberality in its defense.    A cross-bill *ex vi terminorum* implies a bill brought by a defendant against the plaintiff in the same suit, or against both, touching the matter in question in the original bill.    Story, Eq. Pl. § 389.    It is brought either to obtain a discovery of facts in aid of the defense to the original bill, or to obtain full and complete relief to all parties as to the matter charged in the original bill. It should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an original independent suit.    The cross-bill is auxiliary to the proceeding in the original suit, and a dependency upon it.    It is said by Lord HARDWICKE that both the original and cross-bill constitute but one suit, so intimately are they connected together.    *Ayres* v. *Carver,* 17 How. 591; *Cross* v. *De Valle,* 1 Wall. 1.    It should not introduce any distinct matter.    It is auxiliary to the original suit, and a graft and dependency upon it.    If its purpose be different from this, it is not a cross-bill, though it may have a connection with the same general subject.    *Rubber Co.* v. *Goodyear,* 9 Wall. 807.    In the last-cited case the bill was filed for infringement of a patent.    The defenses were invalidity of the patent and a license.    By the cross-bill the defendant sought to set off a judgment against plaintiff against the damages he might recover in the infringement suit.    The court held the cross-bill improperly filed.    A cross-bill must grow out of the matters alleged in the original bill, and is used to bring the whole dispute before the court, so that there may be a complete decree touching the subject-matter of the action.    *Ex parte Railroad Co.,* 95 U. S. 221.    A cross-bill must be confined to the subject-matter of the original bill, and cannot introduce new matters not embraced in the original bill.    If it does so, the cross-bill becomes itself an original bill, and there cannot be two original bills in the same cause.    *Dotz* v. *Phillips,* 24 Wkly. Notes Cas. 382.    A cross-bill is like an original bill, except that it must rest on what is necessary to the defense of an original bill.    *Brandon Manuf'g Co.* v. *Prime,* 14 Blatchf. 371.    In the case of *Johnson R. S. Co.* v. *Union S. & S. Co.,* 43 Fed. Rep. 331, permission was refused to file a cross-bill in an infringement suit, wherein the defendant set up the claim of right to a trade mark or name for an electrical system, which included the use of the patentee's name, as going beyond the case of the plaintiff in the original bill, not necessary as a defense to that bill, and matter entirely foreign to the primary controversy.   In *Young* v. *Colt,* 2 Blatchf. 373, the court say:

"A cross-bill, as its name imports, goes no further than to give the party filing it the reciprocal right enjoyed by the complainant in the original bill in respect to their mutual title or interest in the subject-matter of the suit."

Where a cross-bill to a bill of foreclosure brought by a party representing the British government set up an independent claim of the respondents against the British government, it was held, in *Rowan* v. *Manufacturing Co.*, 33 Conn. 1, to be matter which, upon general principles, could not be set up by a cross-bill, the court saying:

"If it is true that the matter set up in this cross-bill is wholly independent of the matter set up in the bill, and does not touch or relate to that matter, either for the purpose of defense to it or for any disclosure relating to it, but is merely set up for the purpose of laying the foundation for some independent relief, it seems quite obvious, upon authority and principle, that for the purpose of any such independent relief *as is asked for the cross-bill should be dismissed.*"

In *Dotz* v. *Phillips, supra,* a bill was filed for the specific performance of one agreement, and the cross-bill alleged violation of another independent agreement, and prayed relief against the plaintiffs. The court held that the cross-bill was improperly filed, saying:

"The plaintiffs seek a specific performance, and that only. It is no answer to that to say that the plaintiffs have broken another agreement relating to another subject."

In *Galatian* v. *Erwin*, Hopk. Ch. 48, the original suit was for foreclosing two mortgages. By cross-bill one of the defendants in her defense sought to impeach for fraud the title of the mortgagor, not only to the mortgaged premises, but to other lands. It was held that as a defense to the original suit the cross-bill was entirely proper, but that it could not introduce a distinct suit relative to the other lands, or become the foundation of a decree concerning matters not embraced in the original suit; and that no decree beyond the subjects of controversy in the original suit could be made in the cause. In the present case the subject-matter of the original bill is the interference between plaintiff's and defendant's patents, and also the alleged infringement of plaintiff's patent by defendant. The defendant's cross-bill is based solely upon an alleged infringement by plaintiff of defendant's patents. If plaintiff's bill was solely for interference between the patents, that would be the only question that could be considered, and a cross-bill would clearly be improper based upon an alleged infringement by plaintiff. An infringement of a patent is a tort, (Rob. Pat. § 931;) and, if the original bill were filed for that alone, the defendant could only attack the rights of the plaintiff under his alleged patent, the validity of the patent, or deny the infringement. He could not set up, by way of defense, another tort, alleged to have been committed by the plaintiff. The joinder of two causes of action in the original bill necessarily involves the joinder of the defenses appropriate in each case, but they are two separate causes of action, although joined, and not a new cause of action, formed by amalgamation, permitting new questions to be raised by defendant different from those relevant to each separate cause of action. The cross-bill does not seek to defeat plaintiff's causes of action, and the matters alleged in it are not essential to the complete disposition of plaintiff's case, or of defendant's rights in relation to the plaintiff's causes of action.

Defendant's counsel has argued that, as plaintiff is a foreign corporation, and defendant will be compelled to follow it into another jurisdiction in order to file a bill for infringement, and as plaintiff has come into this court with a matter relating to defendant's patent, that circumstance should be considered, and relief given defendant in the court of plaintiff's own choice. That question was considered in the case of *Rowan* v. *Manufacturing Co.*, *supra*, but was held not to authorize the cross-bill based on a counter-claim by defendant. In my judgment the cross-bill cannot be sustained, and, agreeably to the mode pursued by counsel in raising the question of its validity, it should be stricken from the record. Let an order be made accordingly.