WESTINGHOUSE ELECTRIC & MANUFACTURING CO. v. MUSTARD.

(Circuit Court, E. D. Pennsylvania. April 7, 1898.)

No. 23.

PATENTS—ESTOPPEL—CROSS BILL AND INJUNCTION.

In an infringement suit, defendant asked leave to amend his answer so as to set up that plaintiff was then engaged in prosecuting applications and interferences in the patent office, wherein it sought to procure patents covering the same subject-matter as the patent sued on, and was as-

serting dates of invention earlier than that of the latter patent, whereby, it claimed, plaintiff was estopped from further prosecuting the suit. It therefore asked that proceedings be immediately stayed, that defendant have leave to file a cross bill founded on these averments, and praying an injunction against the further prosecution of the suit pending the interference referred to. *Held* that, while an amendment of the answer might be allowed, the court had no power to stay the proceedings or award an injunction on such a cross bill.

This was a suit in equity by the Westinghouse Electric & Manufacturing Company against John Mustard for alleged infringement of a patent. The cause was heard upon an application by defendant for leave to amend his answer, and for a stay of proceedings, and leave to file a cross bill praying an injunction against the further prosecution of the suit.

Kerr, Curtis & Page, A. Parkes Smith, and Charles A. Terry, for complainant.

W. H. Staake, A. C. Fowler, and Jos. C. Fraley, for defendant.

DALLAS, Circuit Judge. The defendant has moved for leave to amend his answer by adding thereto a paragraph as follows:

"(13) Further answering upon information and belief, this defendant alleges that this complainant, the Westinghouse Electric & Manufacturing Company, or persons or corporations who own or control it, and to whose acts in the premises this complainant is privy, was at the time of the institution of this suit, and is now, the assignee and sole owner of, and as such was and is actively prosecuting, an application or applications for letters patent of the United States filed by applicants other than the said Rankin Kennedy, which application contains claims covering substantially the same subject-matter as is claimed in the reissued letters patent, No. 11,031, in said bill mentioned, and that the said application or applications, if allowed, will result in the grant of letters patent of the United States to the complainant, patenting and monopolizing substantially the same subject-matter as that which is patented in said reissued letters patent. And this defendant further avers that, in the matter of said applications, interferences have been declared in the United States patent office between said claims thereof and other pending applications, and that in said interferences the complainant has been and is asserting dates of invention on the part of applicant or applicants by whom said applications were respectively filed long prior to the alleged date of invention by the said Rankin Kennedy of the subject-matter patented in said reissued letters patent; and, by the assertion of such prior date or dates of invention on behalf of such applicant or applicants, the complainant is endeavoring to induce a grant of letters patent in derogation of, and absolutely contradictory to, the assertion of title under the said reissued letters patent, for the purpose, and, if successful, with the result, of establishing a new monopoly of such subject-matter, for the benefit of the complainant, for a further period of seventeen years from the date at which said patent or patents may hereafter be granted. And, further, this defendant avers that the complainant has entered into a combination with persons or corporations owning or controlling certain of the other applications, which have been placed in interference with the applications so as aforesaid owned and controlled by it, the general intent and purpose of which agreement is that, to whatsoever person or persons priority shall be awarded in said interference proceedings, the patent or patents which shall be granted thereon shall be jointly enjoyed and owned by the parties to said agreement, including the complainant. And this defendant appends in a schedule annexed hereto, marked 'Exhibit Interference Schedule,' a statement of the issues in said interferences, and of the parties thereto, and of the persons or corporations in whom the title to the said interference applications is vested; and it avers that the said persons or corporations designated

87 F.—22

in said schedule as the 'complainant or its privies,' and 'General Electric Company,' are the parties to the aforesaid agreement whereby the patents, when granted, are to be enjoyed in common. And, further answering, this defendant avers that the aforesaid acts of the complainant are collusive, and that whether, as the result of the said interference proceedings, patents shall be granted to the applicants whose applications are directly vested in the complainant, or whether the patents for said subject-matter shall be granted to the other applicants mentioned in said schedule, and owned and controlled by the General Electric Company, the said complainant will become clothed with the benefits of title thereunder, and is privy to the assertion of title, not only on behalf of applicants, the title to whose applications appears of record to be vested in complainant, but also on behalf of the said other applicants; and this defendant therefore avers that by endeavoring to induce such grant or grants, and by its other acts in the premises, the complainant is estopped from asserting priority of claims on behalf of Rankin Kennedy to the subject-matter claimed in said reissued letters patent, and ought not to be permitted to assert the title of said Rankin Kennedy in the premises. And, further answering, this defendant avers that, for the purpose of obtaining the grant of letters patent for such subject-matter to some one or more of the applicants in said interference proceedings, said complainant has knowingly and intentionally withheld any assertion of title or any claim of priority on behalf of the said Rankin Kennedy to such subject-matter in the aforesaid interference proceedings; and this defendant avers that by so withholding said claims of priority on behalf of the said Rankin Kennedy, which, if well founded, would defeat the said applications, and the grant of patents thereon for the said subject-matter, the complainant has admitted that the said Rankin Kennedy was not the original and first inventor of the subject-matter patented in said reissued letters patent; and this defendant avers that, by reason of the aforesaid admission that the said Rankin Kennedy is not the original and first inventor of the subject-matter, it is inequitable for the complainant to assert against this defendant any claim or title under the said reissued letters patent, as the assignee of the said Rankin Kennedy."

This proposed amendment avers that the plaintiff, by reason of the matters therein alleged, is estopped from asserting priority of claim on behalf of Rankin Kennedy to the subject-matter claimed in the reissued letters patent sued on, and has admitted that the said Rankin Kennedy was not the original and first inventor of the subject-matter patented in said reissued letters patent. With respect to these averments of estoppel and admission, I at present perceive no reason for doubting that any relevant and competent evidence may be given under the answer as it stands; but, if the defendant shall be advised that it requires amendment to this end. the order now to be made will not preclude him from moving the court with that object. The purpose now avowed and sought to be attained, however, is quite different. It is not only asked that the amendment shall be allowed, but also that, upon the filing thereof, all proceedings in the case shall be stayed, and that the defendant shall have leave to file a cross bill founded upon the averments contained in the proposed amendment, and praying for an injunction to restrain the complainant from further prosecuting this suit during the pendency of the interference referred to, and thereafter until such time as the question of priority between the alleged invention of Rankin Kennedy and of the inventor to whom priority shall be awarded in the said interference proceedings shall have been determined. No authority has been cited, and I believe none can be found, which would support such an order. If, as I have said, the defendant can prove any relevant admission or any state of facts to

establish an estoppel, this may be done by way of defense; but the stay of proceedings, which is the gist of the present application, could not, in my opinion, be now ordered, or be awarded upon a cross bill, without an unwarranted exercise of power by the court, and an undue extension of the office of such a bill. Stonemetz Printers' Mach. Co. v. Brown Folding Mach. Co., 46 Fed. 851.

The amendments proposed to be made to paragraph 11 have not been objected to. They are allowed. The motion for leave to add an additional paragraph, to be marked "13," and for an order to stay proceedings, and for leave to file a cross bill, is denied.