KILBOURN et al. v. HIRNER.

(Circuit Court, E. D. Pennsylvania. July 8, 1908.)

No. 25.

EQUITY—PLEADING—CROSS-BILL—PATENTS—SUIT TO OBTAIN PATENT.

In a suit in equity under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), to compel the issuance of a patent, against the patentee who was adjudged priority of invention in interference proceedings, a cross-bill by defendant for infringement of his patent is not germane to the original bill and will not be entertained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 448.]

In Equity. On motion by defendant for order directing substituted service of cross-bill upon counsel for complainants and motion by complainants to strike off cross-bill.

Hector T. Fenton and Whitaker & Prevost, for complainants.

Henry N. Paul, Jr., and Joseph C. Fraley, for defendant.

J. B. McPHERSON, District Judge. The original bill in this case was filed under section 4915 of the Revised Statutes (U. S. Comp. St. 1901, p. 3392), and seeks to compel the issue of a patent to the complainants after several decisions against them in interference proceedings and upon appeal therefrom. The defendant filed an answer denying the complainants' priority and right to a patent, and upon the same day filed a cross-bill, in which he charged that the complainants were infringing his invention, and asked for the usual decree awarding an injunction and ordering an account. As the original complainants are not residents of this district and have no place of business therein, the defendant moved for substituted service of the cross-bill upon their counsel of record; this motion being met by a counter motion on the part of the complainants to strike off the cross-bill on three grounds: First, because it was prematurely filed; second, because it was filed without leave of the court; and, third, because in substance it is not a cross-bill in respect of any of the matters charged in the original bill.

As it seems to me, it is only necessary to consider the last of these grounds, for I think that the fate of both motions is involved in the answer that should be given to the same question, namely: Is the subject-matter of the cross-bill so germane to the original bill that a proper disposition of the chief controversy can hardly be made until, or unless, the dependent controversy is also decided? To this question I think the answer should be in the negative. The charge of infringement is a new and distinct matter, which (as it seems to me) should be made the subject of an original bill. No doubt, if the situation were reversed, and if this were a suit for infringement brought by the complainants, and the defendant were seeking to file a cross-bill to secure the hearing provided for by section 4915, the defense thus offered would perhaps be legitimate and germane. Appert v. Brownsville Plate Glass Co. (C. C.) 144 Fed. 115. But the present action is not such a suit. No material issue is tendered by the original bill, except the issue of prior invention, and it certainly is not necessary, or even convenient, to the settlement of such a controversy, to enter upon a trial in the same proceeding of the additional and contingent question whether the original complainants are infringing the defendant's right, provided it should be ultimately determined that he has any right at all. Of course, he has for the present an apparent right based upon the proceedings in the Patent Office and in the courts of the District of Columbia; but, as long as he is exposed to the statutory attack in the Circuit Court under section 4915, the final result of the litigation may be to overthrow his patent altogether. In that event, his cross-bill would obviously be wholly useless. I think the point raised by the complainants' motion has been decided against the cross-bill in Stonemetz, etc., Co. v. Brown Folding Machine Co. (C. C.) 46 Fed. 851; Fidelity Trust Co. v. Mobile Railway Co. (C. C.) 53 Fed. 852; Westinghouse, etc., Co. v. Mustard (C. C.) 87 Fed. 339; Stuart v. Hayden,

72 Fed. 410, 18 C. C. A. 618; and Rickey Land Co. v. Wood, 152 Fed. 23, 81 C. C. A. 218.

As the motion to strike off the cross-bill must prevail, the motion for substituted service goes with the bill and need not be separately considered.