PORTLAND WOOD PIPE CO. v. SLICK BROS. CONST. CO. et al.

(District Court, D. Idaho, S. D.    April 19, 1915.)

1. COURTS ☞264 — UNITED STATES COURTS — JURISDICTION — DIVERSITY OF CITIZENSHIP—COUNTERCLAIMS.

In a suit by a nonresident of the district to foreclose a mechanic's lien, in which the contractor and a subcontractor, resident citizens of the district, are made defendants, and the subcontractor by a cross-bill asserts a lien upon the property, the court has jurisdiction over a counterclaim by the contractor against the subcontractor for moneys advanced and supplies furnished the subcontractor on account during the progress of, and for use in carrying on, the work, though the amount of the counterclaim exceeds the amount due the subcontractor, and has jurisdiction to render judgment against the subcontractor for the balance, under the rule that, where the court has jurisdiction of the controversy exhibited by the complaint, it may assume jurisdiction to adjudicate incidental issues raised by cross-bills between defendants, regardless of citizenship or the amount in dispute, especially in view of equity rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi), providing that the answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and Rev. Codes Idaho, § 4185, providing, relative to counterclaims arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim, that if defendant omit to set up such a counterclaim he cannot afterwards maintain an action against the plaintiff therefor.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 801; Dec. Dig. ☞264.]

2. COURTS ☞347 — UNITED STATES COURTS—COUNTERCLAIM — NECESSITY OF PLEA.

Equity rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi), providing that the answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, is mandatory, and such a counterclaim must be pleaded, or it will be deemed to have been abandoned.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. ☞347.]

In Equity.    Suit by the Portland Wood Pipe Company against the Slick Bros. Construction Company and others, in which one Comerford filed a cross-bill.    On motion to dismiss the counterclaim of the Construction Company to such cross-bill.    Motion denied.

Edwin Snow and Harry Keyser, both of Boise, Idaho, for cross-complainant.

Richards & Haga, of Boise, Idaho, for defendant Slick Bros. Const. Co.

DIETRICH, District Judge.    [1] The question submitted is of such character that it may be stated in the abstract, without particular reference to the concrete facts of this case.    In a suit for the foreclosure of a mechanic's lien, brought by a nonresident of the district as plaintiff, to enforce a claim for material furnished for the construction of an irrigation system within the district, not only against the owner, but also the contractor and a subcontractor, as defendants, resident citizens of the district, if the subcontractor in a cross-bill asserts a lien claim upon the property for a balance of more than $10,000, alleged

to be due for work done, and in answer thereto the contractor sets up a counterclaim for moneys advanced and supplies furnished on account to the cross-complainant during the progress of and for use in carrying on the work, and prays for an affirmative money judgment by reason thereof for approximately $8,000, and if upon a trial of the issues the court finds that there is due the contractor a large balance on such account, after fully offsetting all that is justly due to the cross-complainant, has the federal court jurisdiction to give judgment for this balance, seeing that both parties are residents of the district?

The cross-complainant recognizes the general principle that, where the court has jurisdiction of the controversy exhibited by the complaint, it may assume jurisdiction to adjudicate incidental issues raised by cross-bills between the several defendants, regardless of the citizenship of the parties or the amounts in dispute. Lilienthal v. McCormick, 117 Fed. 89, 54 C. C. A. 475; Rickey Land & Cattle Co. v. Wood, 152 Fed. 22, 81 C. C. A. 218; United States v. Mackay (D. C.) 214 Fed. 137, 153; Craig v. Dorr, 145 Fed. 307, 311, 76 C. C. A. 559. And he further concedes that in so far as the counterclaim constitutes a mere set-off, and is used only as a defense, it may be brought forward by the contractor to defeat his claim. But he contends it cannot be made the basis of affirmative relief, for to that extent neither it nor the judgment prayed for is germane to the plaintiff's cause of action or affects the property upon which the plaintiff seeks to establish a lien. In other words, the court may—such is the contention—adjudicate a part of the counterclaim, but is without jurisdiction of such balance as is not used as a set-off.

No case is cited by either side in which the precise point has been decided. My first impression was that there is much merit in the cross-complainant's contention; but upon reflection I have become convinced that it is unsound, and for reasons which may be very briefly explained. In the first place, it necessarily means the splitting of a single cause of action, and subjects both parties to the burdens and hazards of two suits for the trial of a single controversy, namely, the just amount, if any, of the contractor's account against the cross-complainant. To be safe it was necessary for the contractor here to plead and prove all the items of its account, for it could not foresee what ones, if any, the court would ultimately allow, or how many thereof would be required fully to offset the cross-complainant's claim. Moreover, in using the counterclaim only as a set-off, it might very well become necessary, not only to split the account, but also to split some particular item therein, in order to secure an amount which would exactly balance the sum found to be due the cross-complainant. And suppose that here, after full hearing, and after both parties have had their day in court, some items of the counterclaim are disallowed and others allowed, under the cross-complainant's theory the contractor could at once bring suit upon the whole account, giving credit only for the amount used as a set-off, and at the trial thereof neither could the plaintiff (the contractor) plead res adjudicata as to any item here found to be due, nor could the defendant (the cross-complainant) plead such a defense as to any item here found not to be due.

222 F.—34

Again, let us suppose that in this case the larger part of the counter-claim were rejected, and just enough were found to be due thereon to overcome the claim of the cross-complainant, in such case the contractor could immediately commence an action in the proper court to recover all the items so rejected, and if, as contended, we are without jurisdiction except as to items comprised in the set-off, our findings would be no bar to, and would not even constitute evidence of the invalidity of, the claim. Surely a principle the practical application of which is attended with such onerous results cannot have judicial sanction. It becomes manifest that the reason which underlies the rule above referred to, by which auxiliary proceedings fall within the jurisdiction of the court regardless of the citizenship of the parties thereto, operates in like manner to extend our jurisdiction to this counterclaim. This rule was established to avoid the necessity of attempting to administer justice by litigating controversies piecemeal, and the reasons for here taking cognizance of Comerford's cross-bill in the absence of diversity of citizenship between the parties are not greater than or different from the reasons for taking cognizance of Slick Bros.' counterclaim interposed in the answer thereto. It is essential to the complete settlement of the controversy initiated by the commencement of the principal suit that we adjudicate both.

[2] An additional, if not an entirely distinct, consideration: General equity rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi) provides that "the answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit." Under this rule it was the duty of Slick Bros. to plead "any counterclaim arising out of the transaction which is the subject-matter" of Comerford's cross-bill, and admittedly the counterclaim under consideration is of that character. This requirement is thought to be mandatory, and therefore such a counterclaim must be pleaded, or it will be deemed to have been abandoned. Marconi W. T. Co. v. National E. S. Co. (D. C.) 206 Fed. 295, 298; Salt's Tex. Mfg. Co. v. Tingue Mfg. Co. (D. C.) 208 Fed. 156; Electric Boat Co. v. Lake T. B. Co. (D. C.) 215 Fed. 377, 384; U. S. Ex. B. Co. v. H. G. Kroncke Co. (D. C.) 216 Fed. 186. The practice thus provided for is not an innovation; it had been established by the Codes in many jurisdictions before the rule was adopted. Sections 4184 and 4185 of the Revised Codes of Idaho provide that:

"If the defendant omit to set up a counterclaim in the cases mentioned in the first subdivision of the last section [causes of action arising out of the transactions set forth in the complaint as the foundation of the plaintiff's claim], neither he nor his assignee can afterwards maintain an action against the plaintiff therefor."

Construing this rule, as I do, as being in harmony with this statute, it follows that Slick Bros. were bound to set up their entire counterclaim and litigate it in this suit or waive it. If, therefore, we take cognizance of the cross-bill, we must, unless we are willing to do an injustice, also take cognizance of the counterclaim.

The motion to dismiss the counterclaim will be denied.